## KOEN *v.* MILLER.

### Opinion delivered October 14, 1912.

1. BILLS AND NOTES—TO WHOM PAYMENT MAY BE MADE.—Payment to the original holder of a negotiable note, secured by a mortgage, of the amount due is at the risk of the one making it unless it is authorized by the true owner or justified by possession of the securities. (Page 155.)

2. AGENCY—EFFECT OF AUTHORITY TO COLLECT INTEREST.—Authority to an agent to collect interest on a note secured by mortgage does not afford ground for inferring authority to collect the principal where the agent is not intrusted with the possession of the securities. (Page 156.)

3. BILLS AND NOTES—PAYMENT—AUTHORITY TO COLLECT.—A purchaser of a note from a bank is not estopped to deny that the bank had authority to collect the principal thereof where the bank is not in possession of the note at the time of payment, although it was authorized to collect interest thereon, and where the purchaser does nothing to mislead the maker, who pays the notes under a mistaken belief that the bank is still the owner. (Page 156.)

Appeal from Benton Chancery Court; *T. H. Humphreys,* Chancellor; affirmed.

### STATEMENT BY THE COURT.

This is an action by an assignee of a note and mortgage against the maker to recover judgment upon the note and to foreclose a mortgage given upon real estate to secure the same.

The maker relied upon the defense of payment to defeat the action. The evidence on the part of the plaintiff, B. L. Miller, tends to show a state of facts substantially as follows:

On the 18th day of April, 1908, the defendant, F. B. Koen, executed a negotiable promissory note to the Bank of Siloam

for $2,200. The note was due twelve months after date, and bore interest at the rate of 10 per cent. per annum from date until paid, and was payable at the Bank of Siloam, Siloam Springs, Arkansas. On the same day he gave a mortgage on certain real estate, situated in Benton County, Arkansas, to secure said note. On the 21st day of May, 1908, the Bank of Siloam, for value received, by an instrument in writing assigned said mortgage to the plaintiff, B. L. Miller. On the same day the note was indorsed by the bank to Miller, and the note and mortgage were delivered by the bank to Miller. Miller was a stockholder in the bank, and had a private box in the vaults of the bank where he kept his papers. He placed the note and mortgage in his private box, and they thereafter remained in his possession until the bank failed. On the 8th day of August, 1910, two days after the bank had closed its doors, Miller took the note and mortgage from his private box in the bank and placed the same in the hands of the State Bank, of Siloam Springs, for collection. Koen told the cashier of the bank, when the note was presented to him for collection, that he had already paid the principal and interest to the Bank of Siloam, and declined to pay it to the State Bank. Upon being pressed for payment by the cashier of the State Bank, he finally paid the interest due upon an agreement that the time of payment of the principal of the note should be extended for another year. He made the payment of the interest under protest. On August 18, 1909, Koen paid to the Bank of Siloam $300.65, being the amount of interest then due on the note.

F. B. Koen, one of the defendants, testified substantially as follows:

"I executed the note and mortgage involved in this suit and paid the interest in August, 1909, to the officers of the Bank of Siloam. On March 29, 1910, I sent the Bank of Siloam a draft for $3,000 to cover my indebtedness, and told them to put the balance to my credit. Afterwards I went to the bank to get my note and mortgage, and they told me they would have to send a release to Bentonville, but that they would give it to my wife the first time she came in. I did not know that this had not been done until I got a notice from the State Bank in September, 1910, that the note was in its

hands for collection. I then went to Davey, the cashier, and Morris, the president, of the Bank of Siloam, and they both admitted that I had paid the note to their bank. I never knew that B. L. Miller had any interest in the note and mortgage. When I sent the bank the $3,000, I authorized it to turn the note and mortgage over to my wife. I thought I would have a balance still in the bank, and thereafter drew checks against that." When the bank failed, it appeared that F. B. Koen had on deposit the sum of $769.26, and that he presented his claim therefor to the receiver of the bank. In regard to this, however, Koen testified that at the time he made proof of his account to the receiver, he supposed that amount was due him after paying off his note and mortgage, that he did not then know that Miller claimed to be the assignee of the note and mortgage, and supposed that the bank had paid off the note and mortgage with the $3,000 draft which he had sent them in March, 1910.

R. S. Morris, president of the Bank of Siloam, corroborated Koen in his statement that he paid the Bank of Siloam the note and mortgage involved in this suit. Morris also stated that the note and mortgage had been assigned to B. L. Miller, and that the bank was his agent in negotiating loans and collecting interest. Miller testified that he had authorized the Bank of Siloam to collect the interest on said note and mortgage, but denied that it had any authority to collect the principal. He said that he took the note and mortgage into his possession when the same was assigned to him, and that the Bank of Siloam never thereafter had them in its possession.

The chancellor found in favor of the plaintiff, B. L. Miller, and a decree was entered accordingly. The defendants, F. B. Koen and Eddeth Koen, have appealed.

*R. F. Forrest*, for appellant.

The evidence clearly demonstrates that the Bank of Siloam was appellee's agent not only for the collection of the interest but also the principal sum named in the note, and he is bound by the acts of his agent.

*Walker & Walker*, for appellant, in a supplemental brief.

Miller was, at the time he claims to have purchased the note and mortgage sued on, a *stockholder* in the Bank of Siloam.

The evidence does not disclose that appellant and his wife had any notice, or were put in possession of any facts to place them on notice, that appellee was the owner of the note and mortgage. By his failure to record the assignment of the mortgage, his failure to notify Koen of his claim of ownership of note and mortgage, by leaving same with the bank and permitting it to collect the interest and to receive the principal when due, Miller is estopped from denying that the bank was his agent. 16 Cyc. 726; *Id.* 772, and cases cited in note 16; *Id.* 775-6, notes 23,25,26 and authorities cited.

Whether the Bank of Siloam had authority from Miller or not to collect the principal of the note and mortgage, he can not recover if the bank was possessed of apparent authority. 49 Ark. 330; 96 Ark. 456; *Id.* 505; 90 Ark. 104; 50 Ark. 383; Wharton, Agency, § § 405-466; Ewell's Evans, Agency, 397 *et seq.*; 2 Kent's Com. 632; 2 Smith's Leading Case 118, and notes; 44 Ark. 348.

*Williams & Williams,* for appellee.

The evidence shows that appellant acknowledged the debt and made a payment on it, after the failure of the Bank of Siloam. It further shows that he did not pay the note and mortgage to appellee nor the principal of the note to the Bank of Siloam; but if he did pay it to the bank, such payment was without authority, the bank not being Miller's agent for that purpose, and he would not be bound by its act in receiving payment.

HART, J., (after stating the facts). It is conceded that the Bank of Siloam had no express authority to collect the principal of the note and mortgage involved in this suit. The evidence shows that the note was negotiable, and that the note and mortgage were assigned to the plaintiff for value before the maturity thereof, and that the Bank of Siloam, the payee of the note, did not have the note and mortgage in its possession after the assignment thereof.

In the case of *Winer* v. *Bank of Blytheville,* 89 Ark. 435, we held: "If the maker of a negotiable note pays the same to the payee, who is not the holder, he is not discharged from his obligation to the holder without showing that the payee was authorized to receive payment or that the holder led him to believe that he was so authorized."

This rule applies to notes secured by a mortgage or deed of trust, and it is generally held that payment to the original holder of a negotiable note, secured by a mortgage, of the amount due is at the risk of the one making it unless it is authorized by the true owner or justified by possession of the securities. *Marling* v. *Milwaukee Realty Co.* (Wis.), 5 L. R. A. (N. S.) 412, 7 A. & E. Ann. Cas. 364; *Hoffmaster* v. *Black,* 78 Ohio State 1, 21 L. R. A. (N. S.) 52, and case note; *Smith* v. *First Nat'l Bank* (Okla.) 29 L. R. A. (N. S.) 576, and case note.

The reason for the rule is that a mortgage executed as security for the payment of a negotiable note is a mere incident thereto, and partakes of the negotiability of the paper it secures. A mortgagor executing a mortgage as security for a negotiable note is charged with knowledge that the note is negotiable, and he makes payments to the original mortgagee without the production of the note at his peril, and the payments so made are of no effect as against an indorsee thereof who had possession at the time the payments were made.

It is conceded that the Bank of Siloam had authority to collect the interest on the note and mortgage in question, but there was no evidence from which it can be inferred that the Bank of Siloam had any authority to collect the amount of the principal or that it had possession of the note or mortgage.

"Authority of an agent to collect interest on a mortgage does not afford ground for inferring authority to collect the principal, where the agent is not intrusted with the possession of the securities." Jones on Mortgages, § 964; *Richards* v. *Walker,* (Neb.) 68 N. W. 1053; *Hollinshead* v. *Jno. Stuart & Co.* (N. D.) 77 N. W. 89; *Thompson* v. *Buelher,* (Neb.) 95 N. W. 854; *Joy* v. *Vance,* (Mich.) 62 N. W. 140; *Trull* v. *Hammond,* (Minn.) 73 N. W. 642; *Klindt* v. *Higgins,* (Iowa) 64 N. W. 414.

Finally, it is contended by counsel for defendants that the plaintiff is estopped to deny that the Bank of Siloam had authority to collect the principal of the note. In the case at bar the defendant knew the note was negotiable, and knew that it was intended to pass from owner to owner by indorsement. He knew it was liable to pass at any moment, and that the last person thus receiving it could require at his hands the

full amount of the note.   He had only to see to it that he received his note when he paid his money.

As stated in the case of *Hollinshead* v. *Jno. Stuart & Co.,* *supra;* "If he neglected this simple requirement, demanded no more by the law than by common prudence, he paid at his peril; and, if loss occurs, he must bear it.   One party or the other must suffer, and he, being the party in fault, must bear the burden."

In the case of *Bartel* v. *Brown,* (Wis.) 80 N. W. 801, the court said:   "The importance of protecting the holders of commercial paper is so great that to warrant finding that a person who assumes to have authority to receive payment of the principal sum on any such paper has such authority, possession of the paper itself by such person, or proof *aliunde* of express authority, is indispensable.   As said by the court in *Smith* v. *Kidd,* 68 N. Y. 130, "Any other practice would be dangerous in the extreme."   "If money be due on a written security, it is the duty of the debtor to see that the person to whom he pays it is in possession of the security.   That is the best evidence of authority.   The payor is negligent if he relies on anything less, and must abide the event of being able to  stablish, by clear and satisfactory evidence, an express agreement between the holder of the security and the supposed agent, authorizing the latter to represent the former in the transaction.   To that familiar doctrine there are many authorities, a large number of which are collated in Jones, Mortg. § 964."

In the instant case the plaintiff did nothing whatever to mislead the defendant.   The defendant does not claim that the plaintiff, either by his conduct or acts, did anything to mislead him, but, on the contrary, he states that he thought the Bank of Siloam was the owner of the note and made the payment to them under that belief, and not because he thought the bank was acting as agent of the plaintiff.

The decree is therefore affirmed.