AMERICAN AGRICULTURAL CHEMICAL COMPANY *v.* BOND.

Opinion delivered May 14, 1928.

166

*Shaver, Shaver & Williams* and *H. E. Rouse,* for appellant.

*Byron Goodson* and *J. R. Campbell,* for appellee.

HART, C. J., (after stating the facts). The judgment of the circuit court was wrong. The undisputed evidence shows that Luther M. Bond executed the note sued on to J. L. Cannon, and that the note was transferred before maturity, for value, to the plaintiff. The undisputed evidence shows that the plaintiff kept the note in its possession until July 24, 1926, when it delivered it to a bank in St. Louis, to be forwarded to the First National Bank of DeQueen, Arkansas, for collection. That bank never was able to collect it. It is true that J. L. Cannon gave a check to the cashier of the bank in payment of the note, but the check was never paid, and the bank never collected the note.

The bank was the agent of the plaintiff, and not the agent of J. L. Cannon or the J. L. Cannon Company, for the collection of the note sued on. Neither J. L. Cannon nor the J. L. Cannon Company paid the note or had possession of it after they indorsed it to the plaintiff. The plaintiff became a *bona-fide* holder for value of the note before it was due, and the note, after it was transferred to it, remained in its possession and that of the banks through which plaintiff had endeavored to collect the note. This evidence is not disputed, and the plaintiff is entitled to recover on the note. *Koen* v. *Miller,* 105 Ark. 152, 150 S. W. 411; *Taylor* v. *Oliver,* 137 Ark.

515, 208 S. W. 595; *Exchange National Bank* v. *Little,* 111 Ark. 263, 164 S. W. 731; and *J. I. Porter Lumber Co.* v. *Bonner,* 172 Ark. 828, 290 S. W. 606.

But it is claimed that J. L. Cannon or the J. L. Cannon Company was the agent of the plaintiff, and that it was bound by its acts. Hence they contend that plaintiff is bound by the agreement of J. L. Cannon with the plaintiff to sell his produce and pay the note out of the proceeds. It is well settled that one dealing with an agent, without inquiring of the principal the extent of his authority, does so at his peril. *Pine Bluff Heading Co.* v. *Bock,* 163 Ark. 237, 259 S. W. 408; and *Standard Pipe Line Co.* v. *Haynie Construction Co.,* 174 Ark. 332, 295 S. W. 95. The contract between the plaintiff and the J. L. Cannon Company was in writing. It is somewhat lengthy, and we do not set it out for that reason. It makes the J. L. Cannon Company the agent of the plaintiff to sell fertilizer for it on commission; but, under its terms, the J. L. Cannon Company could only sell for cash. There could be no apparent authority. It is made plain in the last case cited that, to authorize an inference of authority in an agent, it must appear that the thing done or transaction made was necessary in order to promote the duty or carry out the purpose expressly delegated to him. The fact that the plaintiff made the J. L. Cannon Company its agent to sell fertilizer for it on certain terms, in no sense carried with it the implied authority to take notes for the fertilizer payable to J. L. Cannon, and to make an agreement to pay the notes out of the proceeds of produce grown by the buyer of the fertilizer and delivered by him to J. L. Cannon to be sold. The notes were payable to J. L. Cannon, and the contract of plaintiff was made with the J. L. Cannon Company, a corporation.

On this point it is insisted that there is no proof that the J. L. Cannon Company is a corporation and therefore a different person from J. L. Cannon. The credit manager of the plaintiff testified in positive terms

that the J. L. Cannon Company was a corporation, and that J. L. Cannon was the secretary-treasurer of it. No attempt was made to contradict his testimony. This evidence was sufficient to show that the J. L. Cannon Company was a corporation. *Kelley* v. *Stern Publishing & Novelty Co.*, 147 Ark. 383, 227 S. W. 609, and cases cited.

There is no question of the ratification of the unauthorized acts of the J. L. Cannon Company presented by the record. The undisputed evidence shows that the J. L. Cannon Company had no authority, real or apparent, to sell the fertilizer of the plaintiff and take notes payable to the order of J. L. Cannon in payment therefor, with an agreement that said notes should be paid out of the proceeds of the sale of produce delivered by the maker to the payee of the note. The undisputed evidence also shows that the plaintiff became the *bona fide* holder of the note before maturity, and that the note has never been paid. The check given by J. L. Cannon to the cashier of the bank in payment of the note was never paid, and was never received by the bank which held the note for collection in payment of it. The fact that other notes of similar kind were also transferred to the plaintiff does not change the result. Where an agency is created by contract, the nature and extent of the agent's authority must be ascertained from the contract itself, and, unless the language of the contract is technical or ambiguous, it cannot be extended by parol proof of a custom. *Ozark-Badger Co.* v. *Roberts*, 171 Ark. 1105, 287 S. W. 401.

The result of our views is that the plaintiff was entitled to a directed verdict, and, for the error in not granting his request therefor, the judgment must be reversed; and, inasmuch as the case seems to have been fully developed, the judgment will be entered here in favor of the plaintiff against the defendant for $85.30, with interest thereon at the rate of ten per cent. per annum from March 10, 1926, until paid. It is so ordered.