## ALLSTATE INSURANCE COMPANY *v.* EQUITY MUTUAL INSURANCE COMPANY

74-195                              516 S.W. 2d 389

Opinion delivered December 9, 1974

*Wright, Lindsey & Jennings*, for appellant.

*Laser, Sharp, Haley, Young & Boswell, P.A.*, for appellee.

GEORGE ROSE SMITH, Justice. In November, 1972, the plaintiff's decedent, Carrie Lovett, was fatally injured by an uninsured motorist as she was walking across a street in Little Rock. Mrs. Lovett was covered by $10,000 uninsured-motorist clauses in each of two automobile insurance policies: One, a policy issued to Mrs. Lovett by the appellee Equity Mutual upon Mrs. Lovett's own car and, two, a policy issued by the appellant Allstate upon Mrs. Lovett's husband's car. Both policies provided coverage for the named insured and for his or her spouse. Liability being admitted, the only remaining question in the case is whether Equity Mutual is liable for the entire $10,000, as Allstate contends, or the two insurance companies are liable for $5,000 each, as the trial court held. We affirm.

As far as this case is concerned, the two policies are identical. Both contain excess insurance coverage, but counsel for the rival companies agree that excess coverage is not involved here. What is involved is a pro rata provision that is common to both policies and reads as follows:

Except as provided in the foregoing [excess coverage] paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of this insurance and such other insurance.

Allstate argues that Equity Mutual is the primary insurer because Equity Mutual issued the policy upon Mrs. Lovett's own car. We need not determine whether that argument would have merit if Mrs. Lovett's car had been involved in the fatal accident, for that is not the fact. At the time of her death Mrs. Lovett was a pedestrian. The pro rata clause contains no language peculiarly applicable to that situation. Instead, the controlling provision limits liability "if the insured has other similar insurance available to him and applicable to the accident." Both policies had that provision; so we do not see why either company should bear the entire loss. That conclusion, upon similar facts, was reached in *Box v. Doe*, 221 So. 2d 666 (La. App., 1969), cert. den., 254 La. 457, 223 So. 2d 868 (1969). To come to any other conclusion we should have to read into the policies something that is not there.

Affirmed.