CALVERT FIRE INSURANCE COMPANY
*v.* Gerald FRANCIS et al

75-316                                532 S.W. 2d 429

Opinion delivered February 17, 1976

*Matthews, Purtle, Osterloh & Weber,* by: *Gail O. Matthews* and *Roy Gene Sanders,* for appellant.

*Hardin & Rickard,* by: *Curtis E. Rickard,* for appellees.

GEORGE ROSE SMITH, Justice. In 1973 the plaintiff, Gerald Francis, a dealer in travel trailers and campers, sustained a fire loss of $27,085.64. Two insurers, Calvert Fire Insurance Company and Lloyd's of London, had issued policies covering the damaged property. Calvert paid $14,- 046.61 of the loss, as its asserted pro rata share, and contended that Lloyd's was liable for the remaining $13,039.03. Lloyd's admits liability for only $150, the value of a used unit not insured by Calvert's policy.

Francis brought this action for a declaratory judgment to determine which insurer is liable for the $12,989.03 still at issue. There is no real dispute about the facts. The trial court held, without specifying its reasons, that Calvert is liable. Lloyd's presents two arguments in support of the trial court's decision.

First, Lloyd's argues that the situation is the same as that presented in *Ark. Grain Corp. v. Lloyd's,* 240 Ark. 750, 402 S.W. 2d 118 (1966). There one policy had a "pro rata" clause, limiting that insurer to its proportionate part of the total loss if there was other insurance on the property. The second policy had an "excess" clause, limiting that insurer to liability only for the excess remaining after any other insurance had been paid in full. We sustained the second insurer's contention that it suffered no liability, because the face amount of the pro rata policy exceeded the total loss.

That situation, however, does not obtain here. Calvert's basic policy does contain a pro rata clause. But a rider, incorporated in the original policy and issued at the same time,

contains an excess clause that supersedes the pro rata clause, because the rider provides that it is subject to all terms of the basic policy not inconsistent with the rider. Here there is an inconsistency; so the rider governs. Lloyd's does not dispute the general rule that where each of two policies contains an excess clause, the clauses are considered to be mutually repugnant and ineffective. Appleman, Insurance Law & Practice, § 3912 (rev. ed., 1972); Couch on Insurance 2d, § 62:79 (1966). That leaves proportionate liability between the two insurers as the common-sense solution, for otherwise the insured might have no protection even though he paid for two policies.

Secondly, Lloyd's insists that its policy covers only Francis's equity in the damaged trailers and campers, over and above an indebtedness financed by Commercial Credit Corporation and secured by a floor-plan arrangement with that creditor. Lloyd's policy, however, makes no reference whatever to its insured's equity in the property. To the contrary, it simply insures the vehicles in question in the amount of $25,000, which is more than twelve times the $1,956.06 equity that Francis had in the property. In fact, the only proof tending to support Lloyd's argument is Gerald Francis's testimony that he purchased the Lloyd's policy because he thought that the Calvert policy covered only the amount that was being financed by Commercial Credit under the floor plan. It goes without saying that the insured's subjective intent in obtaining the Lloyd's policy does not change the plain language of that contract.

The judgment is reversed and the cause remanded for the entry of a declaratory judgment holding Lloyd's liable for $13,039.03, with interest, the statutory 12% penalty, and a $2,500 attorney's fee.