Rex CAMP *v.* Gerald ELMORE
and FIREMAN'S INSURANCE CO.

CA 80-294                                   609 S.W. 2d 86
Court of Appeals of Arkansas
Opinion delivered December 10, 1980

*Robert R. Cloar*, for appellant.

*Jones, Gilbreath & Jones*, for appellees.

DAVID NEWBERN, Judge. The question here is whether the trial court should have granted a summary judgment because he found the appellant's property which was destroyed by fire did not come within the description "usual or incidental to the occupancy of the [insured] premises as a dwelling." We hold no summary judgment should have been granted, as this language contained in the homeowner's insurance policy in question was ambiguous, and thus a material question of fact remained outstanding.

The appellant had left some of his personal property in a barn adjacent to the dwelling of Gerald Elmore who had his premises insured under a homeowner's policy issued by the appellee Fireman's Insurance Co. A fire occurred, and the appellant's property was destroyed. The appellant's property thus destroyed consisted of a wide variety of personalty, including items such as fishing equipment, a cement mixer, wrenches and motors. No facts were disputed except that the appellant wanted an opportunity to have a jury decide whether the appellant's property was covered. The trial court denied that opportunity by deciding the property "was not property that was usual or incidental to the premises as a dwelling" and thus, on that basis alone, granted summary judgment.

Although his order does not say so, the judgment must have determined these words in the insurance contract were, as a matter of law, unambiguous. We disagree, as we consider the words highly ambiguous. What is or is not "usual" is a much more open question than, for example, the question where a "low boy" trailer comes within an insurance policy covering "motor trucks." In a case where that was the issue, the New York Supreme Court Appellate Division held that summary judgment interpreting that term was improper, as it was a question of fact. *Utica Carting, Storage & Contracting Co.* v. *World Fire and Marine Ins. Co.*, 277 App. Div. 483, 100 N.Y.S. 2d 941 (1950), reh. and app. den., 278 App. Div. 629, 102 N.Y.S. 2d 637 (1951).

When the intent of the parties as to the meaning of a

contract is in issue, summary judgment is particularly inappropriate. *Porter* v. *Deeter Real Estate*, 255 Ark. 1057, 505 S.W. 2d 18 (1964); *Peoples Outfitting Co.* v. *General Electric Credit Corp.*, 549 F. 2d 42 (CA7, 1977).

Reversed and remanded.