Jon DODSON *v.* Worthy DODSON

CA 91-191                                        825 S.W.2d 608

Court of Appeals of Arkansas
Division II
Opinion delivered February 19, 1992

· *Friday, Eldredge & Clark*, by: *Barry E. Coplin* and *T. Wesley Holmes*, for appellant.

*Hurley, Whitnell, Shepherd & Welch*, by: *Stephen E. Whitwell*, for appellee.

GEORGE K. CRACRAFT, Chief Judge. Jon Dodson appeals from that portion of an order of the chancery court directing him to obtain a life insurance policy to replace a lapsed one that he has agreed to keep in force. We find no error and affirm.

On August 30, 1986, the parties to this appeal entered into a written property settlement agreement in contemplation of divorce. They were divorced on September 4, 1986, by a decree that recited the property settlement verbatim and ordered the parties to proceed consistent with it.

Paragraph 8 of the agreement provided as follows:

> That the husband shall pay to the wife the amount of $2500.00 per month on the first day of each and every month for a period of three (3) years and $1000.00 per month for the following five (5) years on the first day of each and every month as alimony. It is agreed between the parties that the $2500.00 per month payment is irrevocable and cannot under any circumstances be canceled. The husband shall not be obligated or otherwise legally bound

to continue payments of $1000.00 per month if the wife remarries. In that event, all remaining payments shall cease.

Paragraph 9 provided that the husband pay appellee's attorneys's fees and expenses. Paragraph 10 provided that a failure by the parties to insist upon strict performance of the terms of the agreement would not constitute a waiver of the right to insist upon performance in the future. Paragraph 11 provided as follows: "The husband shall maintain in full force and effect his present life insurance program and shall immediately name the wife Worthy Dodson as irrevocable beneficiary thereon."

Appellee, Worthy Dodson, subsequently filed a motion for an order directing appellant to show cause why appellant had not complied with those portions of the decree providing for payment of alimony, medical payments, and bills assumed by appellant, and the transfer of an automobile title. Although the failure to comply with the provision regarding the life insurance policy was not contained in the motion, it became an issue during the hearing. There, it was disclosed that, although appellant had designated appellee as beneficiary of the life insurance policy in the amount of $1,000,000.00, he had allowed the policy to lapse. Appellee testified that, although she was not familiar with the policy terms of insurance, "We had maintained that policy, oh, approximately maybe twenty years." During his direct examination, appellant admitted that he was aware that both the agreement and decree required him to maintain the insurance. He explained the lapse as follows:

> I did have a life insurance policy that was paid for by my company as a key-man life policy. It was for $1,000,000.00. At the time of the divorce I was required to pay $2500.00 alimony. I had no assets, with the exception of *my* business and I was in the position of having to borrow against the policy for many months in order to pay *my* bills. As a result, I borrowed against the policy an amount that I could not afford to repay and could not maintain the policy. [Emphasis added.]

At the conclusion of the hearing, the court entered an order directing appellant to procure an equivalent policy with appellee

as irrevocable beneficiary and to provide proof of its procurement within thirty days. On appeal, appellant advances several points of error in the trial court's ruling on that issue. We find no merit in any of them.

■ Appellant first contends that the chancellor erred in holding that the separation agreement was an independent contract not subject to modification. He contends that it had become merged as part of the decree and was therefore subject to modification on change of circumstances. *See Seaton* v. *Seaton*, 221 Ark. 778, 225 S.W.2d 954 (1953). Although our cases do make a distinction between "independent contracts" and those less formal agreements that become "merged" as part of a decree, we do not address appellant's argument because any error in the court's ruling was invited. The record reflects that at the conclusion of the hearing the following occurred:

> THE COURT: Assuming that he is insurable, I would agree with you that that's a very substantial life insurance policy, and I would hope, perhaps you all could negotiate and, perhaps as some other arrangement or agreement you could reach. But this is the decree that the parties worked out. It is not something that the court put on the parties and has, as far as I can see, the power to modify.
>
> [APPELLANT'S COUNSEL]: Judge, *I think you are right. I don't think the court has the power to modify,* but I think the court has the power to refuse to enforce something that's against public policy and totally unreasonable and serves no purpose. [Emphasis added.]

It is a well-settled rule that an appellant may not complain on appeal that an action of the chancellor is erroneous if he has induced, consented to, or acquiesced in that action. *Briscoe* v. *Shopper's News, Inc.*, 10 Ark. App. 395, 664 S.W.2d 886 (1984); *J. I. Case Company* v. *Seabaugh*, 10 Ark. App. 186, 662 S.W.2d 193 (1983).

Appellant next contends that even if the parties' agreement is contractual, the chancellor's construction does not reflect the true intent of the parties. He contends that the parties intended the insurance policy to act as security to guarantee payment of alimony and compliance with other provisions of the settlement.

We do not agree.

■ In reaching our conclusion, we apply principles of contract law. *See Sutton* v. *Sutton*, 28 Ark. App. 165, 771 S.W.2d 791 (1989). When the terms of a contract are ambiguous and capable of having more than one meaning, extrinsic evidence is permitted to establish intent of the parties, and the meaning of the contract then becomes a question of fact. However, when a contract is free of ambiguity, its construction is a matter of law for the court to determine. *Floyd* v. *Otter Creek Homeowners Association*, 23 Ark. App. 31, 742 S.W.2d 120 (1988); *Geurin Contractors, Inc.* v. *Bituminous Casualty Corporation*, 5 Ark. App. 229, 636 S.W.2d 638 (1982). It is also established that different clauses of a contract must be read together and construed so that all of its parts harmonize if that is possible. *See Floyd* v. *Otter Creek Home Owners Association, supra.*

Appellant argues that the use of the words "insurance program" indicates a "key-man policy" which had been maintained by his company to be available for the payment of his creditors. Neither the policy nor any of its provisions were brought forward in the record. The only indication that the insurance policy in question was a "key-man policy" was appellant's own characterization of it as such. There is no evidence that appellant's insurance program contained any insurance policy other than the one in issue. Appellant admitted that he had agreed to, and did, make appellee the irrevocable beneficiary of that policy. Appellant further testified that the policy had lapsed because he had borrowed over $60,000.00 against it to pay personal debts and could not afford the repayment. The chancellor held that the insurance policy in issue was a "bargained for item" and therefore should be replaced.

■■ Although we review chancery cases *de novo* on the record, we do not reverse unless the chancellor's findings are clearly against the preponderance of the evidence or clearly erroneous. *Thomas* v. *Thomas*, 246 Ark. 1126, 443 S.W.2d 534 (1969); *Andres* v. *Andres*, 1 Ark. App. 75, 613 S.W.2d 404 (1981). From our review of the record, we cannot conclude that the chancellor's finding with regard to the insurance policy is clearly erroneous.

██ Nor can we agree with appellant's argument that the maintenance of this life insurance policy with appellee as beneficiary violated public policy. Our courts have held that "wagering" policies, taken out by one with no insurable interest on the life of another, are against public policy and void. However, one may take out a policy on his own life and name anyone he pleases as beneficiary unless there is proof that there was a wagering contract between those parties at the time the policy was taken out. *Langford* v. *National Life & Accident Insurance Co.*, 116 Ark. 527, 173 S.W. 414 (1915). Provisions that award the ex-wife the benefit of some interest in a policy of insurance on an ex-husband's life are generally sustained. *See* 24 Am. Jur. 2d *Divorce and Separation* § 912 (1983). Here, the policy had been in force during the marriage for over twenty years. It had been taken out by the appellant on his own life, and he could agree to maintain it and name appellee as the beneficiary without violating any public policy.

Affirmed.

COOPER and MAYFIELD, JJ., agree.