UNDERWRITERS AT LLOYD'S, LONDON, Appellant,

v.

Kenneth PIKE; Farmers Mutual Insurance Company, of Gentry; Appellees,

Cornerstone Bank.

No. 92–1230.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 14, 1992.

Decided Oct. 21, 1992.

---

Clayton H. Farnham, Atlanta, Ga., argued (Clayton H. Farnham and Peter H. Schmidt, II, Atlanta, Ga., and John C. Everett, Fayetteville, Ark., on the brief), for appellant.

Katherine C. Gay, Fayetteville, Ark., argued (Walter R. Niblock and Katherine C. Gay, on the brief), for appellees.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and FAGG, Circuit Judge.

FAGG, Circuit Judge.

Underwriters at Lloyd's, London (Lloyd's) appeals the district court's order holding Lloyd's liable for the face value of its insurance policy and Farmers Mutual Insurance Company of Gentry (FMIC) not liable to Kenneth Pike after two poultry houses burned down. We reverse and remand.

At the time of the fire, Pike held insurance policies on the poultry houses from both Lloyd's and FMIC. Each policy contains an escape clause avoiding liability for a loss if other insurance covers the poultry houses. The FMIC policy states: "[T]his Company shall not be liable for loss occurring: ... (d) while the insured shall have any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy." The Lloyd's policy states: "This Policy does not cover any loss or damage which at the time of the happening of such loss or damage is insured by, or would, but for the existence of this Policy, be insured by any other insurance policy or policies either primary or excess."

Lloyd's filed this diversity action seeking declaratory judgment. Examining the insurance policies under Arkansas's ordinary contract interpretation rules, *see State Farm Mut. Auto. Ins. Co. v. Burgin*, 752 F.Supp. 877, 885 (W.D.Ark.1990), the district court concluded Pike activated the FMIC escape clause when he bought the Lloyd's policy, allowing FMIC to avoid liability. The district court concluded the Lloyd's escape clause, which focuses on the time of the loss, was not activated because the FMIC policy no longer covered the poultry houses. Thus, the district court concluded each clause could be given full effect without being mutually repugnant, and Lloyd's was liable for Pike's loss. Lloyd's appeals contending that the escape clauses are mutually repugnant and that we should impose pro rata liability.

Having reviewed Arkansas law de novo, *Salve Regina College v. Russell*, —— U.S. ——, ——, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991), we conclude the escape clauses are functionally equivalent. Although the Lloyd's clause focuses on the time of the loss, it avoids liability if the FMIC policy would have insured the poultry houses in the absence of the Lloyd's policy. Thus, either policy would insure the loss if the other policy did not exist.

The coverage of insurance policies containing equivalent escape clauses is a matter of first impression in Arkansas. Generally, when each of two policies contain escape clauses, the clauses are mutually repugnant, and the loss will be prorated. *See* 16 George J. Couch et al., *Couch Cyclopedia of Insurance Law* § 62:85 (rev. 2d ed. 1983). This conclusion follows the trend of several Arkansas decisions. *See Calvert Fire Ins. Co. v. Francis*, 259 Ark. 291, 532 S.W.2d 429, 430–31 (1976) (excess clauses held mutually repugnant and policies share liability); *Allstate Ins. Co. v. Equity Mut. Ins. Co.*, 257 Ark. 341, 516 S.W.2d 389, 390 (1974) (policies with both excess and pro rata clauses share liability); *Arkansas Poultry Fed'n Ins. Trust v. Lawrence*, 34 Ark.App. 45, 805 S.W.2d 653,

660 (1991) (primary policies with contribution of benefits clauses share liability). Thus, we conclude the FMIC escape clause and the Lloyd's escape clause are mutually repugnant and both policies will share pro rata liability. The district court must fix each insurer's pro rata liability to Pike.

 FMIC contends we should not apply pro rata liability to insurance policies issued before this decision because it establishes a rule of first impression in Arkansas. We disagree. An escape clause serves to avoid double recovery by an insured who holds two or more policies covering the same risk, *see Arkansas Poultry*, 805 S.W.2d at 659, but does not otherwise suspend an insurance policy's coverage, *cf. Calvert*, 532 S.W.2d at 431. Because pro rata liability prevents double recovery and does not leave the insured without protection, we conclude there is no reason to limit our decision to policies issued in the future.

Accordingly, we reverse and remand to the district court for further proceedings consistent with this opinion.