## Len CARVER v. ALLSTATE INSURANCE COMPANY

CA 01-1319                                   76 S.W.3d 901

Court of Appeals of Arkansas
Division IV
Opinion delivered May 8, 2002

[Petition for rehearing denied June 26, 2002]

*Matthews, Sanders, Liles & Sayes*, by: *Marci Talbot Liles* and *Gail O. Matthews*, for appellant.

*Anderson, Murphy & Hopkins, L.L.P.*, by: *Penny B. Wilbourn*, for appellee.

TERRY CRABTREE, Judge. This is an insurance-coverage case. Appellant Len Carver is the owner of a home in Little Rock. In November 2000, appellant's home was covered by a "Deluxe Homeowner's Policy" issued by appellee, Allstate Insurance Company (Allstate). On November 21, 2000, a portion of a Little Rock Municipal Water Works water main burst adjacent to appellant's property. Water from the burst main flooded appellant's home, causing the house to be moved from its foundation. Windows were broken, and the floors and the ceilings collapsed. There was also extensive damage to the roof. The home was insured for $76,000 and the garage was insured for $7,600. Appellant made a claim on the policy, which appellee denied based on exclusionary language in the policy. The language of the policy provides: "Losses we cover under Coverages A and B: We will cover sudden and accidental direct physical loss to property described . . . except as limited or excluded in this policy." The policy then lists various exclusions as follows:

Losses we do not cover under Coverages A and B:

We do not cover loss to the property described . . . consisting of or caused by:

1. Flood, including, but not limited to surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind.

2. Water or any other substance that backs up through sewers or drains.

3. Water or any other substance that overflows from a sump pump or a sump pump well. . . .

4. Water or any other substance on or below the surface of the ground, regardless of its source. This includes water or any other substance which exerts pressure on or flows, seeps, or leaks through any part of the residence premises.

Appellant filed this suit seeking payment under the policy, the twelve percent penalty, interest, and attorney fees. Appellee denied coverage in its answer. Appellee moved for summary judgment, alleging that the policy language, specifically exclusion 4, was clear and unambiguous and excluded the loss from the policy. Neither party filed any affidavits or other factual material either supporting or opposing the motion for summary judgment. Appellee did attach to its motion for summary judgment answers to interrogatories concerning the approval by the insurance commissioner of the policy language at issue. The trial court granted the appellee summary judgment. Neither the judge's comments from the bench nor the order granting summary judgment set out the reasons for granting the motion.

■ Appellant raises three points on appeal: (1) the trial court erred in granting summary judgment because the exclusion relied upon does not apply under the facts of this case; (2) the trial court erred in granting summary judgment because the exclusion is ambiguous and therefore should be construed to afford coverage; (3) in.the alternative, the exclusion is overly broad, was not properly presented to the Arkansas Insurance Commission, and is against public policy. The first two points are actually the same, that is, whether the policy exclusion is ambiguous. The third point was pled and argued before the trial court. However, no specific ruling was made by the trial court. Therefore, we cannot address the issue because the failure to secure a ruling constitutes a

waiver of the issue, precluding its consideration on appeal. *Jones v. Ellison*, 70 Ark. App. 162, 15 S.W.3d 710 (2000). We affirm.

■■ Summary judgment is a remedy that should be granted only when there are no genuine issues of fact to litigate and when the case can be decided as a matter of law. *Birchfield v. Nationwide Ins.*, 317 Ark. 38, 875 S.W.2d 502 (1994). Once the movant has made a *prima facie* showing of entitlement to summary judgment, the responding party must demonstrate that there remain genuine issues of material fact to preclude a summary judgment. Our review is limited to a determination as to whether the trial court was correct in finding that no material facts were disputed. *Wright v. Compton, Prewitt, Thomas & Hickey, P.A.*, 315 Ark. 213, 866 S.W.2d 387 (1993).

■ When the terms of a written contract are ambiguous, the meaning of the contract becomes a question of fact. *Stacy v. Williams*, 38 Ark. App. 192, 834 S.W.2d 156 (1992). In order to be ambiguous, a term in an insurance policy must be susceptible to more than one equally reasonable construction. *State Farm Fire & Cas. Co. v. Amos*, 32 Ark. App. 164, 798 S.W.2d 440 (1990); *Watts v. Life Ins. Co. of Ark.*, 30 Ark. App. 39, 782 S.W.2d 47 (1990); *Wilson v. Countryside Cas. Co.*, 5 Ark. App. 202, 634 S.W.2d 398 (1982). On motion for summary judgment, the court, viewing the evidence in the light most favorable to the nonmoving party, ascertains the plain and ordinary meaning of the language in the written instrument, and if there is any doubt about the meaning, there is an issue of fact to be litigated. *Moore v. Columbia Mut. Cas. Ins. Co.*, 36 Ark. App. 226, 821 S.W.2d 59 (1991). When the intent of the parties as to the meaning of a contract is in issue, summary judgment is particularly inappropriate. *Camp v. Elmore*, 271 Ark. 407, 609 S.W.2d 86 (Ark. App. 1980).

■ Under Arkansas law, the intent to exclude coverage in an insurance policy should be expressed in clear and unambiguous language, and an insurance policy, having been drafted by the insurer without consultation with the insured, is to be interpreted and construed liberally in favor of the insured and strictly against the insurer. *Nationwide Mut. Ins. Co. v. Worthey*, 314 Ark. 185,

861 S.W.2d 307 (1993); *Baskette v. Union Life Ins. Co.,* 9 Ark. App. 34, 652 S.W.2d 635 (1983). If the language in a policy is ambiguous, or there is doubt or uncertainty as to its meaning and it is fairly susceptible of two or more interpretations — one favorable to the insured and the other favorable to the insurer — the one favorable to the insured will be adopted. *Nationwide Mut. Ins. Co. v. Worthey, supra; Drummond Citizens Ins. Co. v. Sergeant,* 266 Ark. 611, 588 S.W.2d 419 (1979); *McGarrah v. Southwestern Glass Co.,* 41 Ark. App. 215, 852 S.W.2d 328 (1993); *Pizza Hut of Am., Inc. v. West Gen. Ins. Co.,* 36 Ark. App. 16, 816 S.W.2d 638 (1991).

■ When contractual language is unambiguous, however, its construction is a question of law for the court. *Moore v. Columbia Mut. Cas. Ins. Co., supra.* If the language is not ambiguous, it is unnecessary to resort to the rules of construction. *Birchfield v. Nationwide Ins., supra.* When the language is clear, it must be given its plain and obvious meaning and should not be interpreted to bind an insurer to a risk which it plainly excluded and for which a premium was not collected. *General Agents Ins. Co. of Am. v. People's Bank & Trust Co.,* 42 Ark. App. 95, 854 S.W.2d 368 (1993); *Baskette v. Union Life Ins. Co., supra.*

It is the appellant's position with respect to exclusion 4 that water below the surface of the ground, under proper rules of construction, means water that is defined as ground water. Appellant, citing *Ebbing v. State Farm Fire & Cas. Co.,* 67 Ark. App. 381, 1 S.W.3d 459 (1999), argues that courts that have considered insurance coverage for damage caused by burst water mains have "generally" held that there is coverage. In *Ebbing,* a claim for water damage as a result of a water main that burst and ran through the home was denied by State Farm on the basis of the following exclusion: "(C) Water damage, meaning: (1) flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, all whether driven by wind or not. . . ." *Id.* at 385, 1 S.W.3d at 461. This court reversed, holding that the terms "flood" and "surface water" in an insurance policy exclusion did not include water from a burst water main because those terms contemplated water from natural causes or sources.

■ ■ We find *Ebbing* to be distinguishable. The exclusion in *Ebbing* is almost identical to exclusion 1 in the policy at issue in the present case. Appellee did not, however, deny coverage based upon exclusion 1. Rather, appellee denied coverage based on exclusion 4. That exclusion states "water or any other substance on or below the surface of the ground, regardless of its source. This includes water or any other substance which exerts pressure on or flows, seeps or leaks through any part of the residence premises." When the exclusion is read as a part of the contract its plain meaning is to limit the coverage that might otherwise fall within the policy language. Where the language is unambiguous, as here, summary judgment is an appropriate method to resolve issues of contract construction. *Moore v. Columbia Mut. Cas. Ins. Co., supra.*

■ Appellant also argues that exclusion 4 does not apply because the water from the broken main formed a geyser, which actually caused the damage, and that the geyser was not "water . . . on or below the surface . . ." because it was water above the surface. Here, the water from the broken water line was still "water below the surface of the ground" within the meaning of the exclusion because it originated underground. We find nothing in the exclusion to support the conclusion that it is limited only to naturally occurring water or ground water. The exclusion clearly and unambiguously indicates that damage from any water on or below the surface which flows into the premises is not covered by the policy, regardless of whether the source is natural or artificial. *Buttelworth v. Westfield Ins. Co.*, 41 Ohio App. 3d 288, 535 N.E.2d 320 (1987).

In conclusion, we hold that the trial court did not err in entering summary judgment for the appellee in this case.

Affirmed.

JENNINGS and ROBBINS, JJ., agree.