Imogene H. VOGELGESANG  *v.*  U.S. BANK, N.A.

CA 04-1179                                                  211 S.W.3d 575

Court of Appeals of Arkansas
Opinion delivered June 29, 2005

*Catlett & Stodola, P.L.C.*, by: *S. Graham Catlett* and *Paul Charton*, for appellant.

*Hilburn, Calhoon, Harper, Pruniski & Calhoon, Ltd.*, by: *Randy L. Grice, Matthew McCoy,* and *Chris Hart,* for appellee.

JOHN MAUZY PITTMAN, Chief Judge. The appellant, Imogene Vogelgesang, was the owner of a checking account at appellee, U.S. Bank. She executed, filed, and recorded a power of attorney in January 1998 to permit her sons to conduct her financial affairs, and delivered a copy of the power of attorney to U.S. Bank. When she discovered in January 2002 that she had no money left in her account, she brought an action against U.S. Bank seeking reimbursement in the sum of $179,304.94 for unauthorized transactions conducted by her son Jerry between April 1999 and December 2001. Asserting that the transactions were authorized by the power of attorney delivered to it by appellant, U.S. Bank moved for summary judgment. The circuit judge agreed and granted summary judgment in favor of U.S. Bank. On appeal, appellant contends that the circuit judge erred in granting summary judgment because the power of attorney did not authorize the transactions. We disagree, and we affirm.

Summary judgment is a remedy that should be granted only when there are no genuine issues of fact to litigate and when the case can be decided as a matter of law. *Johnson v. Encompass Insurance Co.*, 355 Ark. 1, 130 S.W.3d 553 (2003). Our review is limited to a determination as to whether the trial court was correct in finding that no material facts were disputed. *Wright v. Compton, Prewett, Thomas & Hickey, P.A.*, 315 Ark. 213, 866 S.W.2d 387 (1993). In making this determination, we view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Neill v. Nationwide Mutual Fire Insurance Co.*, 355 Ark. 474, 139 S.W.3d 484 (2003). Where the trial court based summary judgment on a written contract, we must ascertain the plain and ordinary meaning of the language in the written instrument, and if there is any doubt about the meaning, there is an issue of fact to be litigated. *Carver v. Allstate Insurance Co.*, 77 Ark. App. 296, 76 S.W.3d 901 (2002). If the contractual language is unambiguous, however, its construction is a question of law for the court, and no question of fact is presented. *See id.*

The relevant facts can be stated briefly. Appellant became ill in 1997 and her sons became responsible for her financial affairs, paying bills, overseeing her accounts, and balancing her checkbook. She executed, filed, and recorded a durable power of

attorney in January 1998 that contained a provision whereby appellant agreed to indemnify and hold harmless any third party against any and all claims that might arise by reason of the third party having relied upon the instrument, and that provided, in pertinent part, as follows:

> TO ALL PERSONS, be it known that I, Imogene Harris Vogelgesang of 4415 Aspen Drive, North Little Rock, Pulaski County, Arkansas 72118 the undersigned Grantor, do hereby make and grant a general power of attorney to William Gerald Vogelgesang — James Edward Vogelgesang of (W.G.) 1909 Pine Valley Rd, Little Rock, AR 72208 & (J.E.) 804 Carywood Lane, Little Rock, AR 72205 and do thereupon constitute and appoint said individual as my attorney-in-fact.

> My attorney-in-fact shall act in my name, place and stead in any way which I myself could do, if I were personally present, with respect to the following matters, to the extent that I am permitted by law to act through an agent:

> (A)  Real estate transactions

> (B)  Tangible personal property transactions

> (C)  Bond, share, and commodity transactions

> (D)  Banking transactions

> (E)  Business operating transactions

> (F)  Insurance transactions

> (G)  Gifts to charities and individuals other than Attorney-in-Fact

> (H)  Claims and litigation

> (I)  Personal relationships and affairs

> (J)  Benefits from military service

> (K)  Records, reports and statements

> (L)  Full and unqualified authority to my attorney-in-fact to delegate any or all of the foregoing powers to any person or persons whom my attorney-in-fact may select

(M) Access to safe deposit box(es)

(N) All other matters

(O) [T]his power of attorney shall not be affected by the subsequent disability or incompetence of the Grantor.

Other Terms:

Agents for my affairs will collaborate on all decisions.

The first-listed attorney-in-fact, William Gerald Vogelgesang, had previously been convicted of theft of property for writing checks without authority on the account of Krishna Corporation, a fact known to appellant at the time she executed the instrument granting a general power of attorney to him. William Gerald Vogelgesang proved unworthy of the trust with which he had been invested, making numerous withdrawals and charges for his own benefit upon his mother's account with U.S. Bank, and exhausting it by January 2002.

Appellant, in her deposition, testified that she never intended to authorize either of her sons to execute and endorse checks on her behalf. This, however, is contrary to the express authorization granted by the instrument to conduct banking transactions in any way which she herself could do to the full extent permitted to an agent. Furthermore, the wording of the power of attorney executed by appellant in this case complies substantially with the statutory power of attorney set out in Ark. Code Ann. § 28-68-401 (Repl. 2004). In a statutory power of attorney, the language granting power with respect to banking transactions by definition empowers the agent to withdraw by check money deposited by the principal with a financial institution, and to make and endorse checks payable to the principal's order. Ark. Code. Ann. § 28-68-408(5) and (9) (Repl. 2004). Although appellant may not have subjectively intended to authorize these powers, her subjective intent must yield to the plain meaning of the words employed in the agreement. *See Crain Industries, Inc. v. Cass*, 305 Ark. 566, 810 S.W.2d 910 (1991); *Calvert Fire Insurance Co. v. Francis*, 259 Ark. 291, 532 S.W.2d 429 (1976).

On appeal, appellant argues that the transactions conducted by William Gerald Vogelgesang were unauthorized because the contractual term requiring agents for her affairs to "collaborate on

all decisions" required that all banking activity be conducted by both agents acting in concert, or that this term was at least sufficiently ambiguous to present a fact-question regarding the authority of a single agent to act. We do not agree.

Where an agency is created by contract, the nature and extent of the agent's authority must be ascertained from the contract itself. *American Agricultural Chemical Co. v. Bond*, 177 Ark. 164, 6 S.W.2d 2 (1928). When the terms of a contract are ambiguous and capable of having more than one meaning, extrinsic evidence is permitted to establish intent of the parties, and the meaning of the contract then becomes a question of fact. However, when a contract is free of ambiguity, its construction is a matter of law for the court to determine. *Dodson v. Dodson,* 37 Ark. App. 86, 825 S.W.2d 608 (1992). The initial determination of the existence of an ambiguity rests with the court. *Cranfill v. Union Planters Bank*, 86 Ark. App. 1, 158 S.W.3d 703 (2004). A contract is unambiguous and its construction and legal effect are questions of law when its terms are not susceptible to more than one equally reasonable construction. *Id.* It is also established that different clauses of a contract must be read together and construed so that all of its parts harmonize if that is possible. *Dodson v. Dodson, supra.*

We find no ambiguity after reading the different clauses of the power-of-attorney agreement together. The first paragraph of the instrument names the two brothers as appellant's attorney-in-fact. The second paragraph lists the various powers that are granted to each agent and the types of matters in which such agent is authorized to act. The third paragraph deals not with actions but instead with decisions regarding appellant's affairs, and specifies that both agents must collaborate in making these decisions. Reading these paragraphs together, we think that they unambiguously direct the agents to make decisions regarding disbursements from appellant's account jointly, while permitting them to delegate authority or act individually with regard to ministerial actions performed in execution of those decisions, such as writing checks. *See Venhaus v. State*, 285 Ark. 23, 684 S.W.2d 252 (1985).

Finally, appellant stated that, when she delivered the power of attorney to U.S. Bank, she informed the branch manager that her sons were to have "dual power of attorney" and that they would transact all her business for her. To the extent that this

testimony regarding appellant's understanding of the agreement may contradict or vary the terms of the instrument itself, it is precluded by the parol-evidence rule, a substantive rule in the law of contracts requiring the exclusion of prior or contemporaneous agreements of the parties that would vary the express terms of their written agreement. *First National Bank v. Griffin*, 310 Ark. 164, 832 S.W.2d 816 (1992). The effect of this rule is to extinguish all prior and contemporaneous negotiations, understandings, and verbal agreements on the same subject. *Bank of America v. C.D. Smith Motor Co.*, 353 Ark. 228, 106 S.W.3d 425 (2003).

Affirmed.

HART, ROBBINS, BAKER, and ROAF, JJ., agree.

CRABTREE, J., dissents.

TERRY CRABTREE, Judge, dissenting. Appellant maintains that the trial court erred by granting summary judgment as a material issue of fact remains to be decided in this case. I agree with appellant and believe that we should reverse and remand.

I am convinced that the majority turns a blind eye to the limiting language contained in appellant's power of attorney. Powers of attorney are to be construed in accordance with the rules for interpretation of written instruments generally. 3 Am. Jur.2d, *Agency* § 28 (2004). Where, from the face of a written instrument, there is no doubt about the meaning of an instrument, summary judgment is appropriate. *Chlanda v. Estate of Fuller*, 326 Ark. 551, 932 S.W.2d 760 (1996). That is simply not the case here.

In this instance, I see that there is a facial ambiguity on appellant's power of attorney. The *additional* typewritten language under the heading "Other terms" on the power of attorney states, "Agents for my affairs shall collaborate on all decisions." This conditional language could have different interpretations. It may mean that the two sons are required to discuss or confer on all matters before one of them transacts business on appellant's behalf. On the other hand, it may mean that the two sons are *required* to agree and act in unison on all matters and that one may not act without the other. As a result, I think that a genuine issue of material fact exists concerning whether the sons were required to act in concert before transacting banking business pursuant to the power of attorney. I am satisfied that enough doubt and ambiguity

arises with the power of attorney to make this case inappropriate for summary judgment. *See Schnitt v. McKellar*, 244 Ark. 377, 427 S.W.2d 202 (1968); *Reed, Ex'r v. Wright*, 279 Ark. 45, 603 S.W.2d 422 (Ark. App. 1980).