BUTTELWORTH, APPELLANT, *v.*
WESTFIELD INSURANCE COMPANY,
APPELLEE.

(No. C-860532 — Decided
July 15, 1987.)

*Katz, Teller, Brant & Hild* and
*Bruce A. Hunter,* for appellant.
*Kathleen M. Rodenberg,* for appellee.

*Per Curiam.* This cause came on to be heard upon the appeal from the Hamilton County Municipal Court.

Plaintiff-appellant Dennis Buttelworth brought this action against defendant-appellee Westfield Insurance Company to recover the cost to repair certain water damage to his home, alleging that his homeowner's insurance policy issued by defendant provided coverage for such damage. Plaintiff's single assignment of error on appeal is that the trial court erred in granting defendant's motion for summary judgment and in overruling plaintiff's motion for summary judgment. We affirm.

Counsel for the parties agree that there is no dispute as to the material facts. In February 1985 and on a subsequent occasion, a water line ruptured in the plumbing system of a neighbor's property adjacent to plaintiff's residence. Water leaking from that plumbing system ran onto plaintiff's property and caused structural damage to the foundation of his residence. Plaintiff submitted a claim to defendant for the damage pursuant to his homeowner's insurance policy, but defendant denied coverage and this lawsuit followed.

Under the terms of plaintiff's insurance policy, defendant agreed to insure plaintiff's residence against all risks of physical loss except those listed under the section entitled "Exclusions," which states in part:

"We do not cover loss resulting directly or indirectly from:
"* * *
"3. Water Damage, meaning:
"* * *
"c. water below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure."

It is undisputed that the damage to plaintiff's home was the result of water below the surface of the ground which seeped through the foundation. However, plaintiff argues that the quoted provision should be interpreted to exclude from coverage only damage resulting from natural water condi-

tions, and not from an artificial source such as a ruptured plumbing system.

We find nothing in the exclusion to support the conclusion that it is limited only to naturally occurring water or ground water. The exclusion clearly and unambiguously indicates that damage from any water below the surface which seeps through a foundation is not covered by the policy, regardless of whether the source is natural or artificial.

Accordingly, we determine that the trial court did not err by interpreting the insurance policy to exclude the water damage to plaintiff's residence. In the absence of any genuine issue of material fact, and since defendant is entitled to judgment as a matter of law, we overrule the single assignment of error. The judgment of the trial court is affirmed.

*Judgment affirmed.*

SHANNON, P.J., BLACK and HILDEBRANDT, JJ., concur.