DECISION AND JUDGMENT ENTRY
{¶ 1} After their property suffered serious damage from a "mudslide" caused by a broken county-owned water line, Timothy J. and Kathy Shanton filed a claim with their insurance company. Because United Ohio Insurance Company denied their claim based upon a "water damage" exclusion in the policy, the Shantons filed a declaratory judgment action. Now, United Ohio Insurance Company appeals summary judgment, which found the exclusion was ambiguous and could reasonably be construed to apply only to damages caused by natural forces. United Ohio argues the exclusion was unambiguous and much broader than applied by the trial court. Because the policy unambiguously and expressly excludes coverage for water damage, regardless of *Page 2 
whether it is caused by natural or manmade perils, we reverse the judgment of the Court of Common Pleas.
 I. FACTS {¶ 2} The facts in this appeal are undisputed. The Shantons purchased a homeowners' insurance policy from United Ohio for their premises, which includes a retaining wall, a paver walk, an embankment, a wooden deck on the side of the house, a concrete patio adjacent to a walk-out basement under the deck, and stairs leading to a lake and a boat dock. In April 2004, underground water pipes, which the county had installed on the Shantons' premises, burst. The Shantons contend that, "[a]s a result of the water expelled from the burst pipe, water, mud[,] and earth flowed down [the] embankment and caused extensive harm to the Shantons' property[, including] the destruction of the residence's back deck, [the] concrete patio, various sets of stairways, [the] paver walkway, [the] dock and other decks, [the] retaining wall, and [the] embankment."
 {¶ 3} The Shantons filed a claim with United Ohio, seeking reimbursement for the cost of bringing gravel and topsoil to their premises, for the removal of rock and debris, as well as for the repair of the damaged improvements. United Ohio denied the claim, concluding that the damage to the Shantons' property was specifically excluded from coverage under the policy. Specifically, United Ohio argued that the Shantons' damages were not covered by virtue of exclusions for "water damage," "earth movement," and damage to land. The policy provides:
 1. We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. *Page 3 
 b. Earth movement, meaning earthquake, including land shock waves or tremors before or after a volcanic eruption; landslide; mine subsidence; mud flow; earth sinking, rising or shifting. . . . c. Water Damage, meaning:
 (1) flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;
 (2) water which backs up through sewers or drains or which overflows from a sump; or
 (3) water below the surface of the ground, including water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.
United Ohio also argued that damage to the land on which the real estate and fixtures were located was specifically excluded from coverage.
 {¶ 4} The Shantons filed an action seeking recovery for breach of contract and the tort of bad faith. The Shantons also sought a judgment declaring that the damage to their property was covered under their homeowners' insurance policy. United Ohio answered and filed a counterclaim seeking a judgment declaring that the damage was not a covered loss. The trial court granted United Ohio's motion to bifurcate the bad faith claims from the contract claim and the declaratory-judgment action. United Ohio moved for a summary judgment, and the Shantons filed a cross-motion for a summary judgment. Construing the policy against United Ohio and concluding that the contract was ambiguous, the trial court denied United Ohio's motion and entered a summary judgment in favor of the Shantons. The trial court certified this order as final pursuant to R.C. § 2505.05(B), added Civ. R. 54(B) language, and this appeal followed. *Page 4 
 II. ASSIGNMENT OF ERROR {¶ 5} United Ohio presents one assignment of error:
 "THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT UNITED OHIO INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT AND GRANTED APPELLEES SHANTONS' CROSS-MOTION FOR SUMMARY JUDGMENT, AS THE APELLEES' CLAIM STEMMING FROM THE APRIL 2004 INCIDENT AT THEIR PEMISES IS BARRED BY THE UNAMBIGUOUS WATER DAMAGE EXCLUSION, UNAMBIGUOUS EARTH MOVEMENT EXCLUSION, AND EXPLICIT LACK OF COVERAGE FOR LAND IN THE APPELLEES' UNITED OHIO INSURANCE COMPANY POLICY."
 III. Standard of Review {¶ 6} In reviewing a summary judgment, the lower court and the appellate court utilize the same standard, i.e., we review the judgment independently and without deference to the trial court's determination.Doe v. Shaffer, 90 Ohio St.3d 388, 390, 2000-Ohio-186, 738 N.E.2d 1243. A summary judgment is appropriate only when: (1) there is no genuine issue of material fact; (2) reasonable minds can come to but one conclusion when viewing the evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party; and (3) the moving party is entitled to judgment as a matter of law. Id. See alsoBostic v. Connor (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881; Civ. R. 56(C). The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting summary judgment. Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115,526 N.E.2d 798. If the moving party satisfies this burden, the nonmoving party then has the reciprocal burden outlined in Civ. R. 56(E) to set forth specific facts showing there is a genuine issue for trial. If the nonmovant does not satisfy this evidentiary burden and the movant is entitled to judgment as a matter of law, the court should enter a summary judgment accordingly. *Page 5 
 Kulch v. Structural Fibers, Inc., 78 Ohio St.3d 134, 145,1997-Ohio-219, 677 N.E.2d 308.
 {¶ 7} This case involves the interpretation of an insurance contract. As we previously held in Crane Hollow, Inc. v. Marathon Ashland PipeLine, LLC (2000), 138 Ohio App.3d 57, 74, 740 N.E.2d 328, 339-40,
 [i]f a contract is clear and unambiguous, then its interpretation is a matter of law that we review de novo. Nationwide Mut. Fire. Ins. Co. v. Guman Bros. Farm (1995), 73 Ohio St.3d 107, 108, 652 N.E.2d 684, 685-686. However, if the contract is ambiguous, ascertaining the parties' intent constitutes a question of fact. See Money Station, Inc. v. Electronic Payment Serv., Inc. (1999), 136 Ohio App.3d 65. We will not reverse a factual finding of the trial court as long as some competent, credible evidence supports it.
 IV. Analysis {¶ 8} The Supreme Court of Ohio has held that, "in order to defeat coverage, `the insurer must establish not merely that the policy is capable of the construction it favors, but rather that such an interpretation is the only one that can fairly be placed on the language in question.'" Andersen v. Highland House Co., 93 Ohio St.3d 547, 549,2001-Ohio-1607, 757 N.E.2d 329 (quoting Reiter, Strasser Pohlman,The Pollution Exclusion Under Ohio Law: Staying The Course (1991), 59 U. Cin. L. Rev. 1165, 1179.). Moreover, "`[a] defense based on an exception or exclusion in an insurance policy is an affirmative one, and the burden is cast on the insurer to establish it.'" Continental Ins. Co. v.Louis Marx Co., Inc. (1980), 64 Ohio St.2d 399, 401, 415 N.E.2d 315, 317
(quoting Arcos Corp. v. American Mut. Liability Ins. Co. (E.D. Pa. 1972), 350 F. Supp. 380, 384. In construing such a contract, we give its terms their plain and ordinary meaning. Sharonville v. Am. EmployersIns. Co., 109 Ohio St.3d 186, 187, 2006-Ohio-2180. However, "[w]here provisions of a contract of insurance are reasonably *Page 6 
susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured".Lane v. Grange Mut. Cos. (1989), 45 Ohio St.3d 63, 65, 543 N.E.2d 488,490. With these principles in mind, we address the policy exclusions at issue in this case.
 {¶ 9} Both parties focus their arguments on whether the policy exclusions may reasonably be construed as applying to non-natural perils as well as natural ones. United Ohio cites two cases, Murray v. AllAmerican Ins. Co. (1997), 121 Ohio App. 3d 29, 698 N.E.2d 1027, andButtelworth v. Westfield Ins. Co. (1987), 41 Ohio App. 3d 288,535 N.E.2d 320, in support of its argument that the water damage exclusion applies to bar recovery on the policy. In those cases, the appellate courts held that similar exclusions for water damage were unambiguous.
 {¶ 10} The Shantons argue that United Ohio's subsequent modification of the policy's water damage and earth movement exclusions to expressly preclude claims for non-natural causes of damage serves as an admission by United Ohio that the exclusions in the Shantons' policy are ambiguous. However, in determining whether a contract term is ambiguous as a matter of law, our review is limited to the four-corners of the insurance policy at issue in this case. See Inland Refuse Transfer Co.v. Browning-Ferris Industries of Ohio, Inc. (1984), 15 Ohio St.3d 321,322, 474 N.E.2d 271, 272-73 ("If a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined. However, if a term cannot be determined from the four corners of a contract, factual determination of intent or reasonableness may be necessary to supply the missing term.") (citation omitted). Therefore, our initial review is limited to the Shantons' policy. *Page 7 
 {¶ 11} Next, the Shantons argue that we should follow Murray v. StateFarm Fire Cas. Co. (W.Va. 1998), 509 S.E.2d 1, in which the Supreme Court of Appeals of West Virginia held an earth movement exclusion containing terms that typically related to natural events, but that could also be attributed to non-natural causes, to be ambiguous. The court noted that the terms of exclusion (earthquake, landslide, mudflow, volcanic eruption, and so forth) could logically be read in two ways: referring only to natural causes of earth movement, or referring to both natural and non-natural sources of earth movement. Thus, the court concluded that the exclusion was ambiguous. Although Murray does not deal with a policy exclusion for water damage, the Shantons argue that we should apply the same reasoning to conclude that the exclusion here is ambiguous.
 {¶ 12} However, in this case, unlike the policy exclusion inMurray, reading the terms of exclusion as a whole does not result in any ambiguity. United Ohio's policy defines "water damage" as
 (1) flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;
 (2) water which backs up through sewers or drains or which overflows from a sump; or
 (3) water below the surface of the ground, including water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.
Although events comprising the first exclusion are typically natural events, water from backed up sewers, plumbing, and sump pumps are not typically limited to natural forces. Thus, reading these provisions in tandem does not suggest that the water damage exclusion only applies to natural events. Further, the third exclusion, the exclusion at issue in this case, is broadly phrased, referring to water below the surface *Page 8 
of the ground — without limitation — and excluding all water damage caused directly or indirectly by subsurface water. Although this exclusion refers to water that exerts pressure on or seeps or leaks through a structure, it is not limited to that type of damage. Accordingly, we conclude that damage caused by subsurface water, whether caused by natural or non-natural forces, is excluded by the insurance policy. See Buttelworth, 41 Ohio App.3d at 289 ("We find nothing in the exclusion to support the conclusion that it is limited only to naturally occurring water or ground water. The exclusion clearly and unambiguously indicates that damage from any water below the surface which seeps through a foundation is not covered by the policy, regardless of whether the source is natural or artificial.").
 {¶ 13} The Shantons admit in their brief that their property was damaged "[a]s a result of the water expelled from the burst pipe." Therefore, the water damage exclusion precludes recovery for the damage to the Shantons' property. Because we hold that this damage was not a peril covered by the insurance policy, we need not address United Ohio's alternative arguments regarding the earth movement exclusion or the exclusion for damage to land.
 V. Conclusion {¶ 14} Because the trial court improperly denied United Ohio's motion for a summary judgment and entered a summary judgment in favor of the Shantons, we reverse the judgment and remand the cause for further proceedings consistent with this opinion.
 JUDGEMENT REVERSED AND CAUSE REMANDED. *Page 9 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that Appellant recover of Appellees costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
McFarland, P.J.: Concurs in Judgment and Opinion.
Kline, J.: Dissents.
 *Page 1