**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1976
_____

ANDRE COLELLA;
CHRISTINA COLELLA,
                    Appellants

v.

STATE FARM FIRE AND CASUALTY COMPANY
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 09-cv-02221)
District Judge:  Honorable J. Curtis Joyner
_____

Submitted Under Third Circuit LAR 34.1(a)
January 14, 2011
_____

Before: SCIRICA, BARRY and VANASKIE, <u>Circuit Judges</u>

(Opinion Filed: January 20, 2011)
_____

OPINION
_____

BARRY, <u>Circuit Judge</u>

    Andre and Christina Colella ("the Colellas") appeal the District Court's grant of

summary judgment in favor of State Farm Fire and Casualty Company ("State Farm").

The Court found that the Colellas' homeowners' insurance policy did not cover damage to their basement resulting from a leak in a sewage pipe traveling underneath their home and underground, and that State Farm did not act in bad faith in denying coverage. For the reasons discussed below, we will affirm.

## I.    Factual Background

The Colellas own a two-story home in Warminster, Pennsylvania, with a basement that does not run the entire length of the home. Several rooms on the first floor are built on a slab, and below the slab is ground, dirt, and soil. On or about July 1, 2008, a drain line running in the ground underneath the slab sprung a leak, causing damage primarily to carpeting and walls in the basement, with some damage to areas of the first floor. An initial estimate of repairs came to $25,408.79.

The Colellas had an "all risk" homeowners' insurance policy with State Farm.[1] The policy stated, in relevant part:

> **SECTION I – LOSSES INSURED**
> **COVERAGE A – DWELLING**
>
> We insure for accidental direct physical loss to property described in Coverage A, except as provided in **SECTION I – LOSSES NOT INSURED**.
> . . .
>
> **SECTION I – LOSSES NOT INSURED**
> . . .

---

[1]  "Under an all-risk policy, all losses are covered except for those specifically excluded." *T.H.E. Ins. Co. v. Charles Boyer Children's Trust*, 455 F. Supp. 2d 284, 290-91 (M.D. Pa. 2006) (citation and internal quotation marks omitted), *aff'd* 269 F. App'x. 220 (3d Cir. 2008).

2

2. We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

. . .

c. **Water Damage**, meaning:

(1) flood, surface water, waves, tidal water, tsunami, seich, overflow of a body of water, or spray from any of these, all whether driven by wind or not;

(2) water or sewage from outside the **residence premises** plumbing system that enters through sewers or drains, or water which enters into and overflows from within a sump pump, sump pump well or any other system designed to remove subsurface water which is drained from the foundation area; or

(3) water below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.

However, we do insure for any direct loss by fire, explosion or theft resulting from water damage, provided the resulting loss is itself a Loss insured.

App. at 156, 159 (emphasis in original).

The Colellas reported a claim to State Farm on July 1, 2008. Over the next several weeks, State Farm representatives and various plumbing specialists and insurance adjusters investigated. There was no dispute about the cause of the leak, which was a

3

"drain line . . . leaking from the horizontal section below the concrete slab." *Id.* at 201.

On July 29, 2008, State Farm issued a written denial of the Colellas' claim. The denial letter cited the above language from the insurance policy and stated that "the homeowners policy specifically excludes loss caused by water below the surface of the ground." *Id.* Because the water leaking from the damaged drain line first entered the ground before leaking through the basement wall, State Farm stated that "the damage in the basement is caused by water below the surface of the ground," and it therefore denied coverage. *Id.* at 202.

The Colellas filed a complaint against State Farm in Pennsylvania state court on April 6, 2009. The complaint alleged one count of breach of contract and one count of bad faith in violation of 42 Pa. Cons. Stat. § 8371. The Colellas asked for damages in excess of $50,000, as well as punitive damages and costs. State Farm removed the case to federal court based on diversity jurisdiction, and, following discovery, moved for summary judgment.

The District Court granted State Farm's motion. On the breach of contract claim, the Court agreed with State Farm that the policy "unequivocally excludes coverage for losses caused by water below the surface of the ground, regardless of the source." *Id.* at 338. Focusing on the policy's "lead-in" clause to the ground-water exclusion (paragraph 2), the Court stated that

> The plain language of the policy clearly shows that the exclusion
> applies regardless of what caused the excluded event and regardless
> of whether the cause of the excluded event was from natural or

4

external forces.  The language of the Policy is in no way ambiguous.
It clearly and succinctly states that regardless of the cause, any water
damage which seeps into the foundation from water below the
surface of the ground is not covered by the policy.

*Id.* at 339-40.  The Court also found that the Colellas failed to show any evidence of bad

faith, other than State Farm's denial of their claim.  This appeal followed.

## II.     Discussion

We have appellate jurisdiction under 28 U.S.C. § 1291.  We exercise plenary

review over the District Court's grant of summary judgment, and "we assess the record

using the same summary judgment standard that guides the district courts." *Gardner v.*

*State Farm Fire and Cas. Co.*, 544 F.3d 553, 557 (3d Cir. 2008).  Summary judgment is

appropriate "if the movant shows that there is no genuine dispute as to any material fact

and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

### A.     Breach of Contract Claim

There is no dispute over the material facts relating to the breach of contract claim.

The Colellas argue that the District Court erred in finding that their policy did not provide

coverage.  The resolution of this issue requires us to analyze Pennsylvania law regarding

the interpretation of insurance contracts.

In Pennsylvania, the courts' "primary goal in interpreting a policy, as with

interpreting any contract, is to ascertain the parties' intentions as manifested by the

policy's terms." *Kvaerner Metal Div. of Kvaerner U.S., Inc. v. Commercial Union Ins.*

*Co.*, 908 A.2d 888, 897 (Pa. 2006).  "When the language of the policy is clear and

5

unambiguous, we must give effect to that language." *Id.* (citation, quotation marks and internal brackets omitted). When a provision is ambiguous, however, "the policy is to be construed in favor of the insured to further the contract's prime purpose of indemnification and against the insurer, as the insurer drafts the policy, and controls coverage." *401 Fourth St., Inc. v. Investors Ins. Grp.*, 879 A.2d 166, 171 (Pa. 2005). "Contractual language is ambiguous if it is reasonably susceptible of different constructions and capable of being understood in more than one sense." *Madison Constr. Co. v. Harleysville Mut. Ins. Co.*, 735 A.2d 100, 106 (Pa. 1999) (citation and internal quotation marks omitted). Finally, where a party is insured under an "all risks" policy like the one at issue here, Pennsylvania law places the burden on the insured "to show that a loss has occurred; thereafter, the burden is on the insurer to defend by showing that the loss falls within a specific policy exclusion." *Wexler Knitting Mills v. Atl. Mut. Ins. Co.*, 555 A.2d 903, 905 (Pa. Super. Ct. 1989).

The Colellas argue that State Farm improperly denied their claim based on the "subsurface water" exclusion and point to several cases in support of their argument, all of which stem from the holding of *Kozlowski v. Penn Mutual Insurance Company*, 441 A.2d 388 (Pa. Super. Ct. 1982). In that case, the plaintiff's basement was damaged by a leak from the water main connected to a neighbor's home. The plaintiff's insurance policy stated, in relevant part, that it did not insure against loss "[c]aused by, resulting from, contributed to or aggravated by . . . water below the surface of the ground . . . ." *Id.*

6

at 390. The court found that plaintiff could not identify any provision of the insurance contract that would cover the claim. Additionally, and as relevant here, the court also examined the "exclusion" section of the contract and stated that "we hold that where . . . the cause of the discharge, leakage or overflow of water is in the insured's own plumbing system, the exclusion does not apply; but that if the cause is outside that system, then the exclusion is applicable." *Id.* at 391. Because the cause of the water damage was not within the plaintiff's plumbing system, she could not recover. *Id.*

District courts within the Third Circuit have adopted the *Kozlowski* holding. In *Gatti v. Hanover Insurance Company*, the plaintiffs sought coverage after discovering leaks from underground water main pipes on the property of the apartment complex they owned. 601 F. Supp. 210, 210 (E.D. Pa. 1985), *aff'd*, 774 F.2d 1151 (3d Cir. 1985). The exclusions in the insurance policy stated that "[t]he company shall not be liable for loss: . . . [c]aused by, resulting from, contributed to or aggravated by . . . water below the surface of the ground . . . ." *Id.* at 212. The insurance company argued that under *Kozlowski* the exclusion applied because *Kozlowski* held that water discharged from a water main fit within the subsurface water exclusion irrespective of whether it came from within the insured plumbing system or outside that system. The court called the insurance company's reading of *Kozlowski* "an obvious misinterpretation" because *Kozlowski* held that the exclusion applies only when the cause of the water damage emanates from outside the insured's plumbing system. *Id.* Because the water had been lost from the

7

plaintiffs' plumbing system, the exclusionary provision did not apply and the insurance company was required to provide coverage. Other district courts also have applied the reasoning of *Kozlowski*, but in those cases it was to uphold the application of exclusionary clauses in insurance contracts because the water damage came from a source outside of the plaintiffs' plumbing systems. *See Pavuk v. State Auto. Ins. Co. of Columbus, Ohio*, Civ. A. No. 96-8459, 1997 WL 431014, *2-3 (E.D. Pa. July 15, 1997); *Kimmel v. Nationwide Mut. Ins. Co.*, Civ. A. No. 91-4728, 1992 WL 7198, *2-3 (E.D. Pa. Jan. 15, 1992).

The Colellas argue that under *Kozlowski*, the exclusion in their State Farm contract for subsurface water damage does not apply because the leak came from their own plumbing system. The District Court found *Kozlowski* to be "inapplicable" because "the main issue in that case was whether the damage to the insured's property came from within their own plumbing or external plumbing. The Policy in this case is more expansive as it excludes any loss that results from water below the surface of the ground even if the water leaked from an insured's own plumbing system." App. at 340-41.

State Farm urges us to follow the District Court's interpretation of *Kozlowski*. It argues that this case is different from *Kozlowski* because of the expansive lead-in clause to the exclusionary section in this case, which did not exist in *Kozlowski*. In *Kozlowski*, the lead-in clause stated that the policy did not insure against loss "caused by, resulting from, contributed to or aggravated by any of the following . . . ." Here, the lead-in clause

8

states:

> We do not insure under any coverage for *any loss* which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss *regardless of*: (a) *the cause* of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, *arises from natural or external forces*, or occurs as a result of any combination of these:

*Id.* at 159 (emphasis added).

State Farm argues that the distinction between the two clauses is that the State Farm policy qualifies coverage by excluding any loss resulting from subsurface water, regardless of the cause. The *Kozlowski* policy, however, made no distinction as to the cause of the subsurface water, and State Farm states that the absence of language excluding coverage regardless of the cause was what allowed the *Kozlowski* court to find relevance in whether the subsurface water came from within or without the insured's plumbing system. Essentially, State Farm argues that the words "regardless of the cause" distinguish its policy from the policy in *Kozlowski*. It points to a Colorado case where the court interpreted identical policy language in regards to a claim resulting from nearly identical facts. *See Thompson v. State Farm Fire & Cas. Co.*, 165 P.3d 900 (Colo. App. 2007). There, the court held:

> The plain language of the policy excludes *any* loss from water below the surface of the ground that leaks through a foundation, regardless of cause and regardless of whether or not the water arises from natural or external forces. The policy does not make any distinction among the sources or external forces. To find such a distinction

9

> would be to disregard some terms and add other terms to the
> contract, which we are not at liberty to do.

*Id.* at 902.

We agree with State Farm and see no way to interpret the words "regardless of the cause" in a manner that provides coverage for the Colellas. The State Farm policy states that it excludes coverage for damage caused by water below the surface of the ground, regardless of the cause of the subsurface water. The *Kozlowski* policy was not as explicit in excluding coverage regardless of any cause, which allowed the court to interpret coverage when the cause was the insured's own plumbing system. Because the State Farm policy language is unambiguous, "we must give effect to that language." *Kvaerner Metal Div.*, 908 A.2d at 897.

The Colellas make the alternative argument that the leak was not actually subsurface water and thus was not excluded by the policy. The Colellas rely on *Whitmore v. Liberty Mutual Fire Insurance*, where the court analyzed whether the insurance company properly classified leaked heating oil as a pollutant to exclude coverage. Civ. A. No. 07-5162, 2008 WL 4425227, *4-6 (E.D. Pa. Sept. 30, 2008). There, the court found that the insurance company did not meet its burden of showing that heating oil fell under the definition of a pollutant. Accordingly, it found coverage. *Id.* at *6. The Colellas argue that *Whitmore* shows that "there can be a definitional threshold to determine whether an exclusion contained in an insurance policy applies to the facts of a specific case." Appellants' Br. at 24. While the Colellas state that "under *Kozlowski* . . .

10

water that escapes from a broken pipe within the insured's plumbing system is not subsurface water," *id.* at 25, this is a misreading of *Kozlowski*. The *Kozlowski* court did not state that water emanating from an insured's plumbing system was not subsurface water—it only stated that such leaks did not fall under the exclusion of the specific policy at issue. The Colellas have not presented any information that suggests that the water at issue here was not subsurface water.

Finally, the Colellas argue that they are entitled to coverage under the "concurrent causation" or "efficient proximate cause" doctrine, which holds that "when there are two . . . or more causes of loss, the policyholder's claim is covered as long as the immediate or proximate cause of loss is covered by the policy." Appellants' Br. at 25 (citing, among other cases, *Trexler Lumber Co. v. Allemannia Fire Ins. Co. of Pittsburgh*, 136 A. 856, 858 (Pa. 1927)). The District Court was correct in rejecting this argument because the lead-in clause of the State Farm policy ("[w]e do not insure for such loss regardless of: . . . (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss . . .") clearly negates the application of the doctrine.

## B. Bad Faith Claim

The Colellas argue that State Farm acted in bad faith in denying their claim. The only evidence of bad faith to which the Colellas point is a statement by Michael Paccione, a State Farm team manager, who stated in a deposition that he only relied on the language of the policy in determining that the Colellas' claim was not covered; he did not seek a

legal opinion before denying coverage. According to the Colellas, Paccione's reliance on the language of the policy "demonstrates a reckless disregard for the rights of the insureds." Appellants' Br. at 33.

Pennsylvania law provides a remedy when an insurer has acted in bad faith toward the insured. *See* 42 Pa. Cons. Stat. § 8371. "[T]o recover under a claim of bad faith, the plaintiff must show that the defendant did not have a reasonable basis for denying benefits under the policy and that defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim." *Terletsky v. Prudential Prop. and Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994). The District Court correctly concluded that the Colellas had not identified any evidence which could show bad faith on the part of State Farm. Further, because State Farm had a reasonable basis for denying the Colellas' claim, the Colellas could not establish the elements of the cause of action.

### III.  Conclusion

We will affirm the order of the District Court.