# Illinois Official Reports

## Appellate Court

*Central Illinois Compounding, Inc. v. Pharmacists Mutual Insurance Co.*,
2018 IL App (3d) 170809

| | |
|---|---|
| Appellate Court Caption | CENTRAL ILLINOIS COMPOUNDING, INC., d/b/a Preckshot Professional Pharmacy, Plaintiff and Counterdefendant-Appellant, v. PHARMACISTS MUTUAL INSURANCE COMPANY, Defendant and Counterplaintiff-Appellee. |
| District & No. | Third District<br>Docket No. 3-17-0809 |
| Filed | September 6, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Peoria County, No. 17-L-130; the Hon. Jodi M. Hoos, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Thomas E. Leiter, of The Leiter Group Attorneys & Counselors, of Peoria, for appellant.<br><br>Brian H. Sanchez, of Sanchez Daniels & Hoffman, LLP, of Chicago, for appellee. |
| Panel | JUSTICE SCHMIDT delivered the judgment of the court, with opinion.<br>Presiding Justice Carter and Justice O'Brien concurred in the judgment and opinion. |

## OPINION

¶ 1      Central Illinois Compounding, Inc., d/b/a Preckshot Professional Pharmacy (Preckshot), filed suit against Pharmacists Mutual Insurance Company (Pharmacists Mutual), alleging that Pharmacists Mutual breached the insurance policy contract between the parties by denying Preckshot's claim. Pharmacists Mutual filed a counterclaim seeking a declaratory judgment that Preckshot's claim was barred by exclusions in the policy. Pharmacists Mutual, in its capacity as counterplaintiff, filed a motion for summary judgment, which the circuit court granted. On appeal, Preckshot argues that the circuit court's ruling was erroneous because Pharmacists Mutual failed to demonstrate that Preckshot's claim was excluded by the policy. We affirm.

¶ 2      FACTS

¶ 3      On December 10, 2015, Preckshot was operating Preckshot Professional Pharmacy in a leased space located at 5832 North Knoxville Avenue in Peoria. At that time, a contract of insurance was in force between Preckshot and its insurer, Pharmacists Mutual. According to the undisputed facts of the case, AT&T and its subcontractor were performing directional boring behind Preckshot's premises. That boring was not related to Preckshot in any way, was not performed at the behest of Preckshot, and was not done on Preckshot's premises. The boring damaged a water service line located approximately 18 inches from the Preckshot premises, causing a discharge of water that inundated the Preckshot premises above the ground. All direct physical loss and damage to the premises occurred above the surface of the ground.

¶ 4      Preckshot subsequently contacted Pharmacists Mutual to file a claim pursuant to its insurance policy. Pharmacists Mutual, in turn, dispatched Steven Little of Dona Engineering to Preckshot to determine the precise cause of the damages. Little concluded that the water from the struck line flowed through under a concrete slab and came up through the ground to infiltrate the Preckshot interior. In a letter dated January 22, 2016, Pharmacists Mutual denied coverage for Preckshot's claim, asserting that the claim was barred by exclusions in the policy. Specifically, Pharmacists Mutual stated that the policy excluded perils caused by "water below the surface of the ground." Pharmacists Mutual also pointed out that the claim was subject to an exclusion for "Defects, Errors, or Omissions."

¶ 5      Preckshot filed suit against Pharmacists Mutual, claiming breach of the insurance policy. Count II of the suit alleged that Pharmacist Mutual's denial of the claim was vexatious and unreasonable and therefore made in bad faith under section 155(1) of the Illinois Insurance Code. See 215 ILCS 5/155(1) (West 2016). Pharmacists Mutual filed a counterclaim for declaratory judgment. Citing the same exclusions it had referenced in its letter to Preckshot (see *supra* ¶ 4), Pharmacists Mutual prayed for a declaration that it was "not obligated to provide coverage or pay benefits under the Policy." The counterclaim did not reference the claim of bad faith raised in count II of Preckshot's original suit.

¶ 6      Preckshot subsequently filed a motion for summary judgment with respect to Pharmacists Mutual's counterclaim. Pharmacists Mutual then filed a combined motion for summary judgment, seeking summary judgment in its capacity as defendant with regard to the two counts of Preckshot's original suit, as well as seeking summary judgment in its capacity as counterplaintiff with regard to its counterclaim for declaratory relief.

¶ 7    Following briefing and oral arguments, the circuit court denied Preckshot's motion for summary judgment, granted Pharmacists Mutual's motion for summary judgment, and declared that Pharmacists Mutual "is not obligated to provide coverage or pay benefits under the Policy." Specifically, the circuit court found that coverage was excluded under both the "water below the surface of the ground" exclusion and the "Defects, Errors, or Omissions" exclusion.

¶ 8                                                    ANALYSIS

¶ 9    On appeal, Preckshot argues that the plain language of the insurance policy shows that the two exclusions cited by Pharmacists Mutual were inapplicable to its claim and that the circuit court therefore erred in granting summary judgment in favor of Pharmacists Mutual. Preckshot also argues that since Pharmacists Mutual's denial of the claim was done in bad faith, the circuit court also erred in granting summary judgment as to count II of Preckshot's suit. We find that the damage to Preckshot's property was caused by "water below the surface of the ground," as contemplated by the exclusion in question, and that Pharmacists Mutual was therefore not obligated to provide coverage or pay benefits under the policy.

¶ 10    Summary judgment is proper only where the materials on the record—including pleadings, depositions, admissions, or affidavits—when construed in the light most favorable to the nonmoving party demonstrate that there is no issue as to any genuine material fact and that the moving party is entitled to judgment as a matter of law. *Shannon v. Boise Cascade Corp.*, 208 Ill. 2d 517, 523-24 (2004). In the present case, the parties do not dispute that the insurance policy was in full force at the time in question, nor is there a dispute concerning the underlying facts of Preckshot's claim. The only issue is whether the language of the insurance policy entitles Pharmacists Mutual to judgment as a matter of law. We review that issue *de novo*. *Founders Insurance Co. v. Munoz*, 237 Ill. 2d 424, 432 (2010).

¶ 11    An insurance policy is a contract, and the rules of contract interpretation apply to the interpretation of an insurance policy. *Id.* at 433. The primary function of the court is to ascertain and give effect to the intent of the parties, as expressed in the plain language of the policy. *Id.* Where the policy contains an ambiguity, that ambiguity must be construed liberally in favor of coverage. *Id.* An ambiguity will be found where a portion of the policy is subject to multiple reasonable interpretations; an ambiguity does not exist simply because the parties disagree as to its meaning. *Id.* In determining whether an ambiguity exists, it is improper to read additional language or terms into the agreement. *Barth v. State Farm Fire & Casualty Co.*, 228 Ill. 2d 163, 174 (2008). Finally, "an insurance policy must be considered as a whole; all of the provisions, rather than an isolated part, should be examined to determine whether an ambiguity exists." *Munoz*, 237 Ill. 2d at 433. With those principles in mind, we turn to the insurance policy in question.

¶ 12    The policy in force between Preckshot and Pharmacists Mutual contains a section labeled "Additional Exclusions." Subsection 9 is simply titled "Water," and reads as follows:

" 'We' do not pay for loss or damage caused by:
       1) ***
       2) ***
       3) ***
                                    * * *

- 3 -

4) water below the surface of the ground. This includes water that exerts pressure on or flows, seeps, or leaks through or into:

   a) basements, whether paved or not;

   b) doors, windows, or other openings;

   c) foundations, floors, walls, or paved surfaces; or

   d) swimming pools, septic tanks, or other structures[.]"

Preckshot insists that "[t]he plain and ordinary meaning of this exclusion makes it clear that the exclusion only applies to loss or damage and water which is below the surface of the ground."

The grammatical structure of the policy renders the portion of Preckshot's argument relating to the location of the loss or damage plainly incorrect. In short form, the policy indicates that Pharmacists Mutual does "not pay for loss or damage caused by: *** water below the surface of the ground." The presence of the colon—as well as three intervening paragraphs—makes clear that the clause, "below the surface of the ground," applies only to the origination of the "water." The actual loss or damage need not be below the surface of the ground.

Still, Preckshot argues that the water that seeped up through its floor was no longer "water below the surface of the ground" at the time that it caused damage or loss. Thus, Preckshot concludes, the damage was not caused by water below the surface of the ground, but by water *above* the surface of the ground. Pharmacists Mutual contends that the exclusion references the origin of the water, not its eventual destination.

Preckshot maintains that a contextual analysis of the policy supports its position. Specifically, it contends that subsections (a) through (d) refer primarily "to below-ground structures or ground-level structures that could suffer below-ground damage." Preckshot notes that subsection (a), basements, clearly refers to below-ground structures and that subsection (d), "swimming pools, septic tanks, or other structures," does as well. Preckshot next asserts that "Category (c), foundations, floors, walls, or paved surfaces, reasonably interpreted refers to structures which typically have surfaces that protrude below ground level or are located below ground level like basements and foundation walls, floors or paved surfaces." Finally, Preckshot concludes that those three subsections make clear that subsection (b) must be referring to structures such as "doors leading into basements, and basement windows built into below ground-level window wells."

We agree with Preckshot that contextual analysis of subsections (a) through (d) is necessary, but we disagree with its conclusions. To be sure, basements are necessarily underground. Pools and septic tanks, however, while they may be underground, are not inherently so. Similarly, while foundations are underground, "floors, walls, or paved surfaces" need not be. Finally, and most tellingly, doors need not be underground and windows are almost always *above* ground. Preckshot strains to argue that because of context, the simple word "doors" should be construed as "doors leading into basements," and the straightforward concept of "windows" should be construed as "basement windows built into below ground-level window wells." This is an attempt to read language into the policy that simply is not there. See *Barth*, 228 Ill. 2d at 174 (finding that the court "may not properly read into that language any additional terms").

Furthermore, the listing of "basements" in subsection (a) tends to indicate that the floors, windows, doors, and walls listed elsewhere would include those *not* found in basements, lest

those additional subsections be rendered wholly unnecessary. See *Dowd & Dowd, Ltd. v. Gleason*, 181 Ill. 2d 460, 479 (1998) ("Courts will generally avoid interpretations that render contract terms surplusage ***."); *Central Illinois Light Co. v. Home Insurance Co.*, 213 Ill. 2d 141, 154 (2004) (applying rule against surplusage in context of insurance policy construction). For example, water that seeps through basement floors or basements walls would be excluded under subsection (a). For subsection (c) to have any effect then, it must be construed to include floors or walls that are *not* in a basement.

¶ 18    While there are no Illinois cases directly addressing the present issue, certain cases from outside of our jurisdiction are persuasive. The policies at issue in *Bull v. Nationwide Mutual Fire Insurance Co.*, 824 F.3d 722, 724 (8th Cir. 2016), and *Colella v. State Farm Fire & Casualty Co.*, 407 F. App'x 616, 618 (3d Cir. 2011), each excluded loss or damage caused by water or water-borne material "below the surface of the ground." In *Bull*, the damaging water originated in a pipe underneath a basement slab, and the loss included damage to a brick walkway and interior walls. *Bull*, 824 F.3d at 724. In *Colella*, a leaking drain line underneath the slab of a house caused damage to, *inter alia*, areas on the first floor of the home. *Colella*, 407 F. App'x at 618. Thus, each case, like that before us here, contemplated the situation in which water originating below the ground caused damage above the ground.

¶ 19    In each case, the circuit court held that coverage was excluded. *Id.* at 622; *Bull*, 824 F.3d at 725. Notably, the insureds in each case argued only that the exclusions referred to *natural* water below the surface of the ground, rather than water in pipes. While both courts rejected that argument and found in favor of exclusion, neither was forced to directly consider the location of the damage and its interplay with the policy. The same was not true, however, in *Carver v. Allstate Insurance Co.*, 76 S.W.3d 901, 902-03 (Ark. Ct. App. 2002), in which a broken water main created a geyser that damaged, *inter alia*, the ceilings and roof of a home. The insured argued that the exclusion for " '[w]ater *** on or below the surface of the ground' " was inapplicable because the water in the geyser was well above the surface of the ground when it caused the damage in question. *Id.* at 903. The court rejected the argument outright, stating: "[T]he water from the broken water line was still 'water below the surface of the ground' within the meaning of the exclusion because it originated underground." *Id.* at 905. We reach the same conclusion here.

¶ 20    We note that Preckshot argues that each of the three above cases is inapplicable because of comparative differences in the policy language. Specifically, Preckshot points out that the policies in question in those cases explicitly referenced water that flows, seeps, or leaks " 'through a building' " (*Bull*, 824 F.3d at 724; *Colella*, 407 F. App'x at 618) or " 'through any part of the residence premises' " (*Carver*, 76 S.W.3d at 903). Preckshot insists that because those particular phrases do not appear in the present policy, we should not consider those cases. In making this argument, Preckshot neglects to recognize that the policy in question specifies that "water that exerts pressure on or flows, seeps, or leaks through or into" doors, windows, foundations, floors, or walls is excluded. These are, of course, the constituent parts of a *building*. Preckshot has merely identified a distinction without a difference.

¶ 21    In summary, the structures listed in subsections (a) through (d) of the policy are not limited to those that are exclusively or inherently underground. Indeed, the listing of "basements" in subsection (a) makes clear that the structures listed elsewhere must not be limited to those in a basement. Accordingly, where water below the surface of the ground "seeps *** through" a floor, that water is necessarily no longer presently below the surface of the ground. The policy

- 5 -

thus expressly contemplates the present scenario, where "water below the surface of the ground" seeped through the Preckshot floor and caused damage. Under the terms of the policy, that damage was excluded.

¶ 22 The second exclusion cited by Pharmacists Mutual, listed under "Defects, Errors, or Omissions," provided that Pharmacists Mutual does not pay for loss or damage resulting from "an act, error, or omission (negligent or not) relating to *** construction, repair, modification, [or] workmanship *** of property." Pharmacists Mutual insisted at the trial level, as it does on appeal, that the term "property" in that exclusion is not limited to Preckshot's property. While we are skeptical that this specific exclusion would apply, we need not address the argument directly, having already concluded that coverage was excluded. Similarly, because we find that an exclusion did apply, we need not consider the argument that Pharmacists Mutual acted in bad faith. We therefore affirm in full the circuit court's grant of summary judgment in favor of Pharmacists Mutual.

¶ 23                                                      CONCLUSION

¶ 24 For the foregoing reasons, we affirm the judgment of the circuit court of Peoria County.

¶ 25 Affirmed.