Cite as 2020 Ark. App. 355

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-19-818

| | |
|---|---|
| | **Opinion Delivered** August 26, 2020 |
| MALVERN OPERATIONS, LLC, D/B/A ARBOR OAKS HEALTHCARE AND REHABILITATION CENTER; SUB-TEN HOLDINGS, LLC; JEJ INVESTMENTS, LLC; JOHN PONTHIE; ROSS PONTHIE; MARK THOMPSON; AND JOHN AND JANE DOES A–Z<br><br>APPELLANTS | APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30CV-17-66]<br><br>HONORABLE EDDY EASLEY, JUDGE |
| V. | |
| ANITA MOSS, INDIVIDUALLY AND AS SPECIAL ADMINISTRATRIX OF THE ESTATE OF RUBY MUHAMMAD, DECEASED, AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF RUBY MUHAMMAD<br><br>APPELLEE | AFFIRMED |

## N. MARK KLAPPENBACH, Judge

Anita Moss, individually and as special administratrix of the estate of Ruby Muhammad, deceased, and on behalf of the wrongful-death beneficiaries of Ruby Muhammad, filed this lawsuit alleging causes of action for medical negligence, ordinary negligence, violations of the Arkansas Long-Term Care Residents Rights Act, civil liability for conduct constituting felony neglect of an endangered or impaired adult, violations of the Deceptive Trade Practices Act, breach of fiduciary duty, and wrongful death. Defendants,

appellants here, include the nursing home where Muhammad was a resident, Arbor Oaks Healthcare and Rehabilitation Center, and its owners. Appellants appeal from the order entered by the Hot Spring County Circuit Court denying their motion to compel arbitration. We affirm.

On January 29, 2013, Moss, Muhammad's daughter, signed the "Admission Agreement" paperwork for Muhammad to be admitted at Arbor Oaks. Moss also signed an arbitration agreement. The arbitration agreement provides in part that the parties

> understand and agree that any legal dispute, controversy, demand, or claim that arises out of or relates to the Resident Admission Agreement or is in any way connected to the Resident's stay at the Facility and involves a matter or amount in controversy which is in excess of fifteen thousand dollars ($15,000) exclusive of interest, costs, and attorneys fees, shall be resolved exclusively by binding Arbitration; and not by a lawsuit or resort to other court process.

Appellants allege that Moss had the authority to bind Muhammad to the arbitration agreement via a power of attorney Muhammad executed that same day. Muhammad had previously executed a power of attorney in favor of Fredricka McNeely in December 2012, but the following was handwritten on the last page:

> On this day, January 29, 2013 I, Ruby Muhammad revoke this current power of attorney. I wish for Anita Moss to have financial & healthcare power of attorney.

Muhammad and two witnesses signed and dated below the writing.

At the hearing on the motion to compel arbitration, Moss challenged the validity of the arbitration agreement on several grounds. The circuit court denied the motion without specifying a basis.

2

An order denying a motion to compel arbitration is immediately appealable pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(12). We review a circuit court's denial of a motion to compel arbitration de novo on the record. *Country Club Gardens, LLC v. Alexander*, 2020 Ark. App. 239, 599 S.W.3d 363. We are not bound by the circuit court's decision, but in the absence of a showing that the circuit court erred in its interpretation of the law, we will accept its decision as correct on appeal. *Id.*

In deciding whether to grant a motion to compel arbitration, two threshold questions must be answered: (1) whether there is a valid agreement to arbitrate between the parties, and (2) if such an agreement exists, whether the dispute falls within its scope. *Id.* The first question is the issue in this appeal. We look to state contract law to decide whether the parties' agreement to arbitrate is valid. *Id.* The same rules of construction and interpretation apply to arbitration agreements as apply to agreements in general. *Id.* As with other types of contracts, the essential elements for an enforceable arbitration agreement are (1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual agreement, and (5) mutual obligations. *Id.* As the proponents of the arbitration agreement, appellants have the burden of proving these essential elements. *Id.*

Appellants first argue that the element of mutual assent was satisfied because Moss had the authority to bind Muhammad when she signed the arbitration agreement. Appellants contend that the handwritten note on Muhammad's prior power of attorney effectively revoked that power of attorney and appointed Moss her new power of attorney as of January 29, 2013. Appellants claim that Arkansas Code Annotated section 28-68-105

3

(Repl. 2012) requires only the principal's signature to create a valid power of attorney. Moss argues in part that the generic language of Muhammad's power of attorney is not sufficient to grant Moss the general authority "to do all acts that a principal could do," as set forth in Arkansas Code Annotated section 28-68-201(c), or the authority to waive Muhammad's constitutional rights to the courts and trial by jury.

A power of attorney is an instrument in writing by which one person, as principal, appoints another as his or her agent and confers upon that agent the authority to perform certain specified acts or kinds of acts on behalf of the principal. *In re Estate of Garrett*, 81 Ark. App. 212, 100 S.W.3d 72 (2003). The nature and extent of the agent's authority must be ascertained from the power-of-attorney instrument itself. *Courtyard Gardens Health & Rehab., LLC v. Williamson*, 2016 Ark. App. 606, 509 S.W.3d 685. Although the principal may or may not have subjectively intended to authorize certain powers, his or her subjective intent must yield to the plain meaning of the words employed in the agreement. *See Vogelgesang v. U.S. Bank, N.A.*, 92 Ark. App. 116, 211 S.W.3d 575 (2005).

Arkansas Code Annotated section 28-68-201(c) contemplates "a power of attorney that grants to an agent authority to do all acts that a principal could do." Section 28-68-202(a) discusses an agent's authority "if the power of attorney refers to general authority with respect to the descriptive term for the subjects stated in §§ 28-68-204–28-68-217 or cites the section in which the authority is described." In *Courtyard Gardens Health*, 2016 Ark. App. 606, 509 S.W.3d 685, a nursing-home resident filled out a statutory form power-of-attorney document, which listed categories for the principal to choose what authority to grant the

4

agent. This court held that the resident did not select the category for claims and litigation, which alone among the listed categories encompassed the power to agree to arbitration. Thus, we held that the agent did not have the authority to sign the arbitration agreement.

Here, the writing does not grant authority to do all acts that a principal could do but instead refers to two general subjects—financial and healthcare—with no further explanation. These terms are not among the descriptive terms for the subjects set out in sections 28-68-204 to -217. While the writing was properly signed pursuant to Arkansas Code Annotated section 28-68-105, as noted by appellants, it must also confer the necessary authority to act. We ascertain the nature and extent of the agent's authority from the plain meaning of the words employed in the instrument. *See Courtyard Gardens Health*, *supra*. Under this standard, we conclude that the power of attorney executed here did not grant Moss the authority to agree to arbitration.

Because Moss did not have authority to bind Muhammad to the arbitration agreement, the agreement lacks the essential element of mutual assent. Accordingly, there is no valid arbitration agreement to enforce. It is unnecessary to reach appellants' remaining arguments. We affirm the circuit court's denial of the motion to compel arbitration.

Affirmed.

GRUBER, C.J., and ABRAMSON, J., agree.

*Conner & Winters, LLP*, by: *Amber J. Prince*; and *Kutack Rock LLP*, by: *Mark W. Dossett* and *Samantha Blassingame*, for appellants.

*Law Offices of Darren O'Quinn*, by: *M. Darren O'Quinn*; and *Morris W. Thompson Law Firm*, by: *Morris W. Thompson*, for appellee.