Cite as 2023 Ark. App. 277

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-22-75

| | |
|---|---|
| CRAWFORD OPERATIONS, LLC, D/B/A VALLEY SPRINGS REHABILITATION AND HEALTH CENTER; AND CRAWFORD-PROGRESSIVE ELDERCARE SERVICES, INC., D/B/A VALLEY SPRINGS REHABILITATION AND HEALTH CENTER         APPELLANTS | Opinion Delivered May 10, 2023<br><br>APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NO. 17CV-19-652]<br><br>HONORABLE MARC MCCUNE, JUDGE |
| V. | AFFIRMED |
| CRYSTAL DAVIS, PERSONAL REPRESENTATIVE OF THE ESTATE OF GRACE B. PERRYMAN, DECEASED         APPELLEE | |

**MIKE MURPHY, Judge**

Appellants Crawford Operations, LLC, d/b/a Valley Springs Rehabilitation and Health Center; and Crawford-Progressive Eldercare Services, Inc., d/b/a Valley Springs Rehabilitation and Health Center (collectively, "the facility") bring this interlocutory appeal from an order of the Crawford County Circuit Court denying their motion to compel arbitration for lack of a valid arbitration agreement. We affirm.

On June 15, 2018, Grace Perryman was admitted to the hospital where she was diagnosed with dementia and behavioral disturbance. On June 18, Perryman executed a document appointing her son, Raymond Hodge, as power of attorney. Ten days later,

Perryman was admitted to the facility. Hodge accompanied Perryman to the facility and signed the admission agreement that incorporated an arbitration agreement. Perryman lived at the facility from June 28 through November 9, 2018. She resided at other nursing facilities until her death on April 19, 2019.

On November 1, Crystal Davis, Perryman's granddaughter, initiated this lawsuit alleging that Perryman was injured from care she received at the facility. The facility moved to compel arbitration pursuant to the Federal Arbitration Act (FAA) and the arbitration agreement executed by Hodge. In response, Davis argued that her grandmother lacked capacity to grant Hodge power of attorney when she did so thus rendering the power of attorney invalid and the contracts entered into pursuant to that power-of-attorney authority unenforceable. In addition, Davis moved for partial summary judgment regarding the request for binding arbitration, making similar arguments as her response. A hearing was held on July 8, 2020. There, the court ordered limited discovery, including depositions, finding that it could not make determinations regarding the two motions until it decided the competency issue and whether there was a contract or binding obligation to arbitrate.

At a hearing on July 27, 2021, Davis put forth three arguments: the power of attorney was invalid because it was not notarized; Perryman was not competent when she executed the power of attorney; and even if the power of attorney was valid, it did not grant Hodge authority to enter into claims and litigation. In response, the facility argued the power of attorney did not need to be notarized because two other witnesses attested to Perryman's execution of the document; Davis failed to put on definitive evidence that Perryman was not

2

lucid at the time of signing; and the language of the power of attorney was general enough to encompass Hodge's authority to bind Perryman to arbitration. The depositions were admitted, and the court heard arguments.

On October 2, the court contemporaneously entered an order granting Davis's motion for partial summary judgment and an order denying the facility's motion to compel. The factual findings in the partial-summary-judgment order regarding Perryman's competency to execute the power of attorney were identical to the findings in the order denying the facility's motion to compel. Specifically, the court found that Perryman was not competent on June 18, 2018, and therefore lacked capacity to execute the power of attorney. Accordingly, Hodge was not authorized to execute the arbitration agreement on Perryman's behalf. The court further found no reasonable person could find a material fact in dispute regarding Perryman's competence on June 18, 2018. Lastly, it found that all other arguments as to the invalidity of the arbitration agreement were moot based on the court's finding of incapacity. The facility timely appealed only the order denying the motion to compel.

An order denying a motion to compel arbitration is immediately appealable pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(12) (2021). We review a circuit court's denial of a motion to compel arbitration de novo on the record. *Robinson Nursing & Rehab. Ctr., LLC v. Phillips*, 2019 Ark. 305, 586 S.W.3d 624. While we are not bound by the circuit court's decision, in the absence of a showing that the circuit court erred in its interpretation of the law, we will accept its decision as correct on appeal. *Progressive Eldercare Servs.-Morrilton, Inc. v. Taylor*, 2021 Ark. App. 379.

Despite an arbitration provision being subject to the FAA, we look to state contract law to decide whether the parties' agreement to arbitrate is valid. *Courtyard Rehab. & Health Ctr., LLC v. Est. of Tice*, 2022 Ark. App. 327, at 4–5. The same general rules of contract construction and interpretation apply to arbitration agreements. *Id.* In deciding whether to grant a motion to compel arbitration, two threshold questions must be answered: (1) is there a valid agreement to arbitrate between the parties and (2) if so, does the dispute fall within its scope? *Id.* In answering these questions, doubts about arbitrability must be resolved in favor of arbitration. *Colonel Glenn Health & Rehab, LLC v. Aldrich*, 2020 Ark. App. 222, 599 S.W.3d 344. We are also guided by the legal principle that contractual agreements are construed against the drafter. *Id.*

In determining the threshold inquiry of whether a valid agreement to arbitrate exists, we have held that, as with other types of contracts, the essential elements for an enforceable arbitration agreement are (1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual agreement, and (5) mutual obligations. *Id.* As the proponent of the arbitration agreement, the facility has the burden of proving these essential elements. *Id.*

The issue presented requires us to interpret the power-of-attorney document through which Hodge acted. On appeal, the facility challenges the court's competency finding regarding the power of attorney. It contends there is a legal presumption that every person is sane, fully competent, and capable of understanding the nature and effect of her contracts and that Davis's failure to produce any evidence concerning Perryman's competency at the

4

exact moment she executed the power of attorney is determinative. Alternatively, the facility argues competency is a material fact question that should be determined by a jury trial.

We acknowledge that competency is ordinarily a credibility issue and cannot be determined as a matter of law. *Lillian H. Ashton Tr. v. Caraway*, 2009 Ark. App. 806, at 7, 370 S.W.3d 278, 282. However, we may affirm a circuit court where it has reached the right decision, albeit for the wrong reason, so long as the issue was raised and a record was developed below. *Ark. State Bd. of Election Comm'rs v. Pulaski Cnty. Election Comm'n*, 2014 Ark. 236, at 12, 437 S.W.3d 80, 87. Here, Davis alternatively argued below that the power of attorney did not grant Hodge authority to enter into claims and litigation on behalf of Perryman. We agree.

The nature and extent of the agent's authority must be ascertained from the power-of-attorney instrument itself. *Malvern Operations, LLC v. Moss*, 2020 Ark. App. 355, at 4, 605 S.W.3d 291, 294. Although the principal may or may not have subjectively intended to authorize certain powers, her subjective intent must yield to the plain meaning of the words employed in the agreement. *Id.*

Arkansas Code Annotated section 28-68-201(c) (Supp. 2021) contemplates that "if a power of attorney grants to an agent authority to do all acts that a principal could do, the agent has the general authority described in §§ 28-68-204 ~ 28-68-216."[1] In *Moss*, we held that a nursing-home resident's power of attorney did not grant authority to do all acts that a

---

[1]Section 28-68-212 (Repl. 2012) governs "claims and litigation."

principal could do when it referred to two general subjects, financial and healthcare, with no further explanation. We reasoned that these terms are not among the descriptive terms for the subjects set out in sections 28-68-204 to -217 and that, by ascertaining the nature and extent of the agent's authority from the plain meaning of the words employed in the instrument, the power of attorney executed did not grant Moss the authority to agree to arbitration.

Here, the writing does not grant authority to do all acts that a principal could do. Instead, it refers to ten specific categories that do not address claims or litigation. It additionally contains the following provision:

> It is distinctly understood and agreed, and I do hereby agree that the specific powers given above shall in no way, manner, or form be a limitation on the universal and general power of attorney herein given, it being my desire and intention to grant unto my said agent and attorney-in-fact a full, complete, and universal power of attorney with reference to any and all property, real, personal, or mixed, which I may now own or be interested in, regardless of wherever same may be located.

Despite referring to "universal" and "general" power, the sentence in its entirety concerns property. Thus, we conclude that the power of attorney executed did not grant Hodge the authority to bind the decedent to the arbitration agreement thereby invalidating the agreement.

In spite of this holding, we note that Perryman did not sign the agreement, and Hodge only signed as a "responsible party." Next to the signature line was a box requesting that the "signatory" identify the manner in which the document was being executed: as resident, guardian, power of attorney, spouse, adult children, parents, or adult siblings. It was not

6

marked. We also note an additional issue with the agreement in this record: just below the signature lines is the following language: "____ (Check if applicable): A copy of my guardianship papers, durable power of attorney or other documentation has been provided to the Facility and is attached." This space was left blank. Under similar circumstances, we likewise affirmed an order denying a motion to compel arbitration in *Hickory Heights Health & Rehab, LLC v. Cook*, 2018 Ark. App. 409, 557 S.W.3d 286.

Affirmed.

ABRAMSON and GRUBER, JJ., agree.

*Kutak Rock LLP*, by; *Jeff Fletcher* and *Caleb S. Sugg*, for appellants.

*Grayson & Grayson, P.A.*, by: *Keith L. Grayson*; and *Law Office of Craig L. Cook*, by: *Craig L. Cook*, for appellee.